THE PRESIDENT AND TRUSTEES OF THE TOWN OF JACKSONVILLE, Plaintiffs in Error, *v.* JOHN HOLLAND and JONATHAN NEELY, Defendants in Error.

ERROR TO MORGAN.

In a suit under a city ordinance, for selling liquor, the fact that the liquor was owned by three, only two of whom are sued, makes no objection to a recovery. Such an action is in the nature of a tort, in which one or more of the offending parties may be sued.

Those who maintain a nuisance, one or more, are liable to the penalty.

Objection to the sufficiency of the proof of an ordinance, should be taken at the trial below; *it is too late, when taken in the Supreme Court.*

PLAINTIFFS sued the defendants in debt, before a justice of the peace, for penalties incurred in breach of ordinance relating to sale of spirituous liquors, and recovered a judgment of $40; from which the defendants appealed; and on trial in the Circuit Court, a verdict was found for the defendants, and judgment entered thereon in their favor.

The defendants proved that they and one Fitzsimmons were partners in the establishment at which the whisky was sold, and when it was sold; and this being all the evidence in the case, at the instance of the defendants the court gave the following instructions:

The court instruct the jury that they cannot find for the plaintiff in this action, unless they believe from the evidence that both the defendants were jointly interested in selling liquor to the witness; and proof that either one or the other sold the liquor, *without proof that they were jointly interested* in it, is

not sufficient to found a verdict upon against either one or both defendants.

That unless the plaintiffs have proven that the ordinances were published, passed and promulgated in accordance with the charter and by-laws of the town of Jacksonville, ten days before the going into effect of the same, and unless they have also proven the adoption of said by-laws by virtue of said charter, requiring said mode of publication, they cannot find for plaintiffs, and must find for defendants.

That if the jury believe from the evidence that the account upon which witness Tomer thinks he paid for liquor, was an account in favor of Neely & Co., (consisting of John Holland, Jonathan Neely and Oscar D. Fitzsimmons,) they cannot find for plaintiffs, against the defendants Holland & Neely, but must find for the defendants.

Plaintiffs excepted to the giving of the instructions, and moved the court, WOODSON, Judge, presiding, for a new trial on the ground of wrong instructions in behalf of defendants; which motion was overruled, and the plaintiffs excepted.

D. A. SMITH, for Plaintiffs in Error.

J. GRIMSHAW, for Defendants in Error.

BREESE, J. This court has already passed upon the validity of the ordinance of the town of Jacksonville, declaring groceries for the sale of intoxicating drinks nuisances. The fact that the liquor, in this case, was jointly owned by three persons, only two of whom are sued, was considered by the Circuit Court a fatal objection to a recovery, and the court gave instructions to that effect to the jury.

Assimilating it to a case of contract where all the parties in interest must sue and be sued, is the reason, doubtless, why such instructions were given.

We think it is wholly immaterial who owned the liquor or the grocery. It is sufficient to charge the guilty actors in a forbidden transaction—made a misdemeanor by law. It is in the nature of a *tort*, in which one or more of the offending parties may be sued, for torts are joint and several. Those who are active in maintaining the nuisance, one or more, are liable to the penalty.

On the other point, no objection was made on the trial to the sufficiency of the proof of the publication of the ordinance; it passes without objection. It is now too late to make it. The judgment is reversed, and cause remanded.

*Judgment reversed.*