DAVID J. GRAHAM

*v.*

EDGAR ANDERSON *et al.*

1. ACKNOWLEDGMENT — *omission in caption to acknowledgment of deed.* In taking the acknowledgment of a deed a justice of the peace omitted the name of the county in the caption thereto, and for that reason the deed was

objected to as defective; *held,* that the objection was obviated by proof of the fact that the justice of the peace, who took the acknowledgement, was at the time a justice of the peace of the county where taken, and as such took it—*held, also,* that, if the court in which such deed is offered be sitting in the county where the acknowledgment was taken, then such proof is not necessary, unless the particular question is directly in issue, as the court will take cognizance of the fact who are the justices of the peace for the county in which it is held.

2. PRACTICE — *time of making certain objections.* Where the plaintiff in ejectment deduces title through a sale under a deed of trust given to secure a debt, the objection that there was no proof that the indebtedness specified in the deed of trust was unpaid at the date of the sale, cannot be made, for the first time, in the appellate court. Such an objection should be made in the court below, to give the adverse party an opportunity to obviate it when the deed was introduced in evidence.

3. RECITALS —*presumption from in trust-deed.* But where a deed of trust recites an indebtedness, it will be presumed that such indebtedness remains unpaid, and such presumption is only to be rebutted by affirmative proof of its payment.

4. JURY — *province of.* Where a verdict depends upon the credibility of witnesses, it is the peculiar province of the jury to judge of that credibility, and to attach such weight to the testimony of each as may seem to be proper.

5. EVIDENCE — *admissibility of parol.* Parol evidence is inadmissible in an action of ejectment to impeach a certificate of acknowledgment to a deed. The certificate of the officer as to the acknowledgment must be judged of solely by what appears on the face of the certificate, and if that is in substantial compliance with the statute, it ought not to be impeached, except for fraud or imposition.

APPEAL from the Circuit Court of Schuyler county; the Hon. C. L. HIGBEE, Judge, presiding.

The facts sufficiently appear in the opinion of the court.

Mr. J. S. BAILEY, for the appellant.

Messrs. PALMER & HAY, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of ejectment, brought in the Schuyler Circuit Court, to the May Term, 1863, by Edgar Anderson and others, heirs at law of James L. Anderson, deceased, against David J. Graham, to recover the possession of a certain

tract of land in that county, in and to which defendant claimed a homestead right.

The plaintiffs deduced title through their father, James L. Anderson, who purchased the same at a sale under a trust-deed made by Graham and wife to John C. Bagby, to secure certain judgments against Graham.

The controversy arises upon the execution and acknowledgment of this deed, it being contended by Graham that the premises were the homestead of himself and family, and that his wife had not released her right to it as a homestead. This trust-deed was executed on the 24th of March, 1860, and the certificate of acknowledgment of the justice of the peace purports to release homestead and dower in the usual form, as the statute requires.

The first objection taken to the acknowledgment is, that a venue is wanting, the county being omitted in the caption thereof.

This objection was obviated, if a valid one, by proof that the justice of the peace who took the acknowledgment was a justice of the peace of Schuyler county at the time, and that he took it as such justice.

But the objection was not valid, as this court, in the case of *Irving* v. *Brownell*, 11 Ill. 402, where the same point was made, held, that, without this proof, the certificate was sufficient, as the court, when sitting in Pike county, would officially take notice who were the justices of the county without any proof thereof, citing the case of *Shattuck* v. *The People*, 4 Scam. 481. In that case the court said, the Circuit Court, as a matter of convenience, takes cognizance of the fact who are justices of the peace for the county in which it is held, and proof of the official character of these officers is never required unless that particular question is directly in issue. See also *Livingston* v. *Kettelle*, 1 Gilm. 116.

Another objection was made, that there was no proof that the indebtedness specified in the deed of trust was unpaid at the date of the sale.

This objection was not made in the Circuit Court, where it

might have been obviated when the deed was introduced as evidence. It is too late now to make it. *Selby* v. *Hutchinson*, 4 Gilm. 319; *Norton* v. *Dow*, 5 id. 459; *Morris* v. *Trustees*, 15 Ill. 266; *Harmon* v. *Thornton*, 2 Scam. 351; *President and Trustees* v. *Holland*, 19 Ill. 271; *Gillespie* v. *Smith*, 29 id. 473; *Sargeant* v. *Kellogg*, 5 Gilm. 273; *Swift* v. *Whitney*, 20 Ill. 144; *Montain* v. *Bailey*, 27 id. 419.

Had this objection been made in the Circuit Court, it could not have availed, as, by the trust-deed, the legal estate was vested in the trustee, and he had conveyed it to the plaintiff's ancestor,—whether rightfully or wrongfully, was not a subject of inquiry in the ejectment. If the trustee sold contrary to the conditions of the deed, the remedy was in equity. *Reese* v. *Allen*, 5 Gilm. 236.

The trust-deed recited the indebtedness by judgment, and the presumption would be that the indebtedness was unpaid, only to be rebutted by affirmative proof of its payment before the sale.

The remaining point is important. The defendant claims, that, at the time of the execution of the trust-deed to Bagby, the premises conveyed by it were the homestead of the grantors, and the wife did not release her homestead right.

The proof that it was the homestead at the time the deed was executed, is not very clear.

Adam Sapp, a witness for the defendant, testified that the defendant was a married man, having a wife and children living with him upon the land described in the declaration. This witness speaks of the time then, which was the time of the trial; he does not say the defendant, with his family, was living on the land at the time of the execution of the deed.

Another witness for the defendant, his daughter, Mrs. Isabel J. Burnham, in answer to the interrogatory, " state, if you know, what land the deed was about," said, " it was about the homestead land and farm."

This witness was present at the time the deed was executed, and then a member of the family, and the deed acknowledged at the defendant's house, and the inference is reasonable, that

it was the homestead where the family was then living, that was conveyed by the deed.

The question then is, did the wife release her homestead right in the premises? The magistrate taking the acknowledgment certifies in due form of law, that she did, and, as a witness in court, testifies to the fact. Other witnesses, the son, James Graham, and a daughter of the defendant, state they were present, and heard nothing of the kind from Mrs. Graham, the wife; and that they were in a position to hear all that was said. This testimony, conflicting as it is, was passed upon by the jury, and the credibility of the witnesses weighed and considered by them, and they have given, justly, as we think, the greatest weight to the testimony of the justice of the peace, a man entirely disinterested, and under no family influence or affection. We think, in a case so situated, and one of this character, which strikes at titles with a dangerous force, that the rule adopted by this court in *Lowry* v. *Orr*, 1 Gilm. 70, should be applied here to sustain the verdict. In that case, this court said, where the verdict depends upon the credibility of the witnesses, it is the peculiar province of the jury to judge of that credibility, and to attach such weight to the testimony of each, as may seem to be proper, after a due consideration of all the circumstances arising in the particular case, such as the relationship of the witness to one or both of the parties in controversy; his supposed interest in the event of the suit; his means of knowledge in respect to the matters in dispute; his appearance upon the stand; his manner of testifying; his general character for veracity and the like, and to find their verdict accordingly.

In this case, we should have found the verdict the jury did, placing more confidence in the unbiased statements of the magistrate, than in those of the children of the defendant, who, without being sensible of it, may have been, and it is natural they should have been, deeply interested to save the homestead of their parents.

As it regards James Graham, it is somewhat singular there should have been two previous trials of this case in which he was not called as a witness, and Mr. Burnham, in enumerating

the persons who were present when the deed was signed, did not name James as one of them.

But another more important question remains, and that is, in the absence of fraud or imposition, in proving the execution of a deed by a wife, is parol evidence admissible in an action of ejectment to impeach the certificate?

We have examined the authorities on this point, and we think where the certificate of the privy examination of a married woman is in the form required by the statute, it is not sufficient, in order to impeach it, to allege that there was no private examination, that she did not acknowledge the deed as her act and deed, that she did not release her homestead right. There must be some allegation of fraud or imposition practiced toward her, some fraudulent combination between the parties interested and the officer taking the acknowledgment. *Ridgeley* v. *Howard et al.*, 3 Harris & McHenry, 321; *Jamison* v. *Jamison*, 3 Whart. (Penn.) 557; *Hartley et al.* v. *Frost and wife*, 6 Texas, 208.

The certificate of the officer as to the acknowledgment must be judged of solely by what appears on the face of the certificate, and if that is in substantial compliance with the statute, it ought not to be impeached except for fraud and imposition.

There being no error in the record the judgment is affirmed.

*Judgment affirmed.*