BORLAND v. WALRATH et al.

1. Acknowledgment: EFFECT OF CERTIFICATE: EVIDENCE. While the certificate of acknowledgment to a conveyance establishes a *prima facie* case that the signature of the person purporting to have executed the conveyance is genuine, this presumption will not prevail against positive evidence to the contrary.

2. Evidence: OF EXPERTS. While the evidence of experts respecting the genuineness of a person's signature by comparison of hand-writing, is entitled to consideration, it is not regarded as evidence of a high order or satisfactory character.

*Appeal from Johnson District Court.*

TUESDAY, DECEMBER 21.

ACTION to foreclose a mortgage alleged to have been executed by defendant, who united with her husband

therein. The property conveyed was their homestead. The husband is dead, and defendant and others are joined in the action. The defendant, in her answer, denies that she executed or acknowledged the mortgage, and avers that, as to her, it is void. She sets up the fact that the property described in the instrument is her homestead. The cause was referred, and upon the coming in of the referee's report of the evidence and the findings, which were in favor of defendant upon the issues of law and fact, a decree foreclosing the mortgage, as to the other defendants, was rendered, but the homestead and dower rights of the widow were expressly protected and declared not to be affected by the mortgage and decree. Plaintiff appeals.

*George J. Boal* for the appellant.

*Clark & Haddock* for the appellee.

BECK, J. — The only point presented in this case is one of fact, and is raised by the answer of defendant denying

1. ACKNOWL-
EDGMENT:
effect of
certificate:
evidence.

that she executed or acknowledged the mortgage. We are required to determine whether this defense is sustained. There is no dispute as to the law of the case. We will not undertake to discuss at any length the evidence introduced by the parties but will content ourselves with presenting briefly our conclusions, drawn from the testimony.

The defendant testifies positively that she did not sign or acknowledge the mortgage. Her evidence could be no more direct and explicit upon this point. She states facts as to the condition of her health, and that at the time the instrument appears to have been executed, she was not away from home, etc., which tend to support her statements denying the execution of the mortgage. Her evidence is clearly and intelligently given, and we remark no circumstance tending to cast suspicion upon her credibility:

Borland v. Walrath.

There is evidence tending in a degree to corroborate her testimony in some particulars, as that of her physician who testifies to her ill-health at the time the mortgage is said to have been acknowledged.

The evidence of plaintiff upon this point consists in the testimony of the notary public who certified to the acknowledgment of the mortgage; and of certain skilled witnesses who testify as to the genuineness of her alleged signature upon a comparison thereof with signatures admitted to be made by her. The notary does not pretend to state from his memory that she appeared before him and acknowledged the mortgage. He has no recollection whatever upon the subject. At the time of the alleged acknowledgment he had no personal acquaintance with the defendant, and does not remember that she did in fact appear before him for the purpose of acknowledging the mortgage. He is of the opinion, however, that she did, and this opinion is based upon his habit of giving certificates of the kind only when acknowledgments were actually made before him. He thinks in some cases, when he well knew the parties, or in the case of his partners in business, he may have given such certificate without having actually taken the acknowledgments, but he has no recollection of such cases. He testifies to no fact showing defendant's actual acknowledgment of the instrument, but states reasons for his opinion that she did. There is no other evidence amounting to any thing upon the point, except the opinion of experts based upon a comparison of defendant's genuine writing with the alleged signature. Quite a number of them states their belief that the signature is genuine. These witnesses are experts of high character, and are very positive in their opinions upon the subject.

The case assumes this attitude: The direct and positive evidence of the defendant, denying her signature, is to be weighed against the certificate of acknowledgment and the

Borland v. Walrath.

uncontradicted evidence of experts as to the similarity of the signature in question to defendant's genuine writing, together with their opinion based thereon.

The certificate of acknowledgment, we concede, is to have weight in determining the question. It certainly makes a *prima facie* case. This is the least that can be claimed for it. At all events, a party seeking to defeat his deed, because it was not acknowledged by him, ought to make a clear case against the certificate of the officer in order to overthrow the instrument. Public policy demands that instruments in writing pertaining to the titles of real estate, which are authenticated in the manner pointed out by the law, should not be lightly set aside. But they cannot be sustained against the positive and explicit evidence of credible witnesses.

The evidence as to the genuineness of the signature, based upon the comparison of handwriting and of the opinion of 2. EVIDENCE: experts, is entitled to proper consideration and experts. weight. It must be confessed, however, that it is of the lowest order of evidence, or of the most unsatisfactory character. It cannot be claimed that it ought to overthrow positive and direct evidence of credible witnesses who testify from their personal knowledge. It is most used and is most useful in cases of conflict between witnesses as corroborating testimony.

On the one hand we have the signature to the mortgage sustained as genuine by the certificate of acknowledgment and by the comparison of handwritings, upon which are based opinions of experts ; on the other we have the positive evidence of the defendant, whose credibility is not doubted, corroborated in a degree by other testimony. In our opinion the preponderance is in favor of defendant. We are free to admit that we are not without doubts, and it is probable that questions of this character can never be determined with absolute convictions of certainty. We feel, however, that it is safer to give credit to the positive

evidence of a credible witness than to disregard it upon presumptions that are not of the highest order. We may say just here that a comparison made by us of the signature in question with defendant's genuine writing, used for that purpose before the referee, all of which is before us, has had a tendency to strengthen the conclusion we have just announced in the minds of some members of this court.

The judgment of the district court is

Affirmed.