# HANNAH McPHERSON
## *v.*
# STEPHEN SANBORN *et al.*

1. ACKNOWLEDGMENT OF DEED—*proof to impeach.* Very clear and satisfactory proof is required to impeach a certificate of the acknowledgment of a deed or mortgage. The uncorroborated testimony of the grantor or party executing the same is not sufficient to overcome the evidence afforded by the officer's certificate of the fact, especially when the execution of the deed is not denied, or any undue influence, coercion or fraud is shown.*

2. DEED OF TRUST—*sale by auctioneer.* A trustee in a deed of trust has the undoubted right to employ an auctioneer to sell the lands conveyed, and if he is present at the sale, directing and controlling it, this will be a compliance with the terms of the power of sale, and will satisfy the demands of the law.†

---

* See, also, *Crane* v. *Crane et al.* 81 Ill. 165; *Lowell et al.* v. *Wren,* 80 id. 238; *Spurgin* v. *Traub et al.* 65 id. 170; *Russell* v. *Baptist Theological Union,* 73 id. 337; *Kerr* v. *Russell,* 69 id. 666; *Calumet and Chicago Canal and Dock Co.* v. *Russell,* 68 id. 426; *Lickmon, Exr.* v. *Harding,* 65 id. 505.

† While the trustee may employ an auctioneer to cry the sale, under his immediate supervision, he can not delegate his authority to execute the power to another unless it is so provided in the deed. *Taylor* v. *Hopkins,* 40 Ill. 442. See, also, *Flower* v. *Elwood,* 66 id. 438. Of a sale made by the attorney of the mortgagee in his absence, see *Munn* v. *Burgess,* 70 id. 604. Where sale is authorized to be made by the trustee named, "or his legal representative," the administrator of the trustee can not sell. *Warnecke* v. *Lembca,* 71 id. 91. Whether an assignee may execute the power, see *Pardee* v. *Lindley,* 31 id. 174, *Strother* v. *Law,* 54 id. 413, *Bush* v. *Sherman,* 80 id. 160. A mere equitable assignee can not. *Hamilton* v. *Lubukee,* 51 id. 415.

Aᴘᴘᴇᴀʟ from the Circuit Court of Macoupin county; the Hon. Cʜᴀʀʟᴇs S. Zᴀɴᴇ, Judge, presiding.

Mr. A. N. Yᴀɴᴄᴇʏ, for the appellant.

Mr. Joʜɴ I. Rɪɴᴀᴋᴇʀ, for the appellee.

Mr. Jᴜsᴛɪᴄᴇ Cʀᴀɪɢ delivered the opinion of the Court:

This was a bill in equity, brought by Hannah McPherson against Stephen Sanborn and others, to enjoin the prosecution of an action of ejectment, and to set aside the title of Sanborn as fraudulent and void. On the hearing the court dissolved the injunction, and dismissed the bill, and complainant appealed.

On the 2d day of August, 1869, William McPherson, the husband of complainant, was indebted to Sanborn in the sum of $2000. He gave his promissory note for the amount, due in three years, with ten per cent interest, payable annually. In order to secure the payment of the note, McPherson and his wife executed and delivered to Sanborn a deed of trust on the property in controversy, which, at the time, was the property of the wife. Moses True was named as trustee in the deed, which contained a power of sale on failure of the payment of interest, when due. The deed contained a relinquishment of dower and homestead rights, and, as appears by the certificate of Elijah Harlen, a justice of the peace, attached to the deed, it was acknowledged in due form of law by the parties. On the 17th day of April, 1871, on failure of McPherson to pay the interest due, the trustee, on request of the holder of the note, sold the property at public vendue, and Sanborn became the purchaser.

The main objection urged by the complainant to the deed of trust is, that the certificate of acknowledgment is false— that she never, in fact, acknowledged the deed in the presence of or before the justice of the peace.

The only evidence contained in the record to impeach the certificate of acknowledgment, is the testimony of complainant.

She concedes that she signed the deed in the presence of her husband, and understood the nature and purport of the instrument, but she denies that she ever acknowledged it before the justice.

The question presented assumes this form: Can an acknowledgment of a deed be impeached by the uncorroborated testimony of the grantor?

The same point has been before us in other cases. In *Marston* v. *Brittenham,* 76 Ill. 611, where a like question arose, it was said: "To impeach such a certificate, the evidence should do more than produce a mere preponderance against its integrity in the balancing of probabilities. It should, by its completeness and reliable character, fully and clearly satisfy the court that the certificate is untrue and fraudulent." In *Monroe* v. *Poorman,* 62 Ill. 524, which was a bill to foreclose a mortgage, in which the widow of the mortgagor denied the execution of the mortgage and the acknowledgment thereof, after quoting with approval from *Graham* v. *Anderson,* 42 Ill. 514, it was said: "Testing this case by these principles, as they apply as well to this suit as to an action of ejectment, the certificate of acknowledgment should have prevailed, there being no proof, or pretense even, of fraud and imposition practiced upon appellee, or any fraudulent combination of the grantee with the officer taking the acknowledgment—nothing of this kind is shown."

In this record, the testimony is clear that Sanborn, the mortgagee, acted in perfect good faith. He neither conspired with the husband of complainant nor with the officer who took the acknowledgment, to mislead or deceive her, nor does it appear that any improper inducements were held out, nor was the execution of the mortgage obtained by coercion or fraud. The complainant voluntarily signed the mortgage, and the justice of the peace certified that she acknowledged the instrument before him, in the manner required by the statute. Under such circumstances, to hold that the deed could be impeached by the uncorroborated testimony of com-

plainant, would be establishing a precedent of the most dangerous character, which we are not prepared to sanction. It would open a wide door to the designing and unscrupulous to defeat honest claims, which should receive the protection of the law. If the acknowledgment of a deed could be impeached by the bare testimony of the grantor alone, where large amounts are involved it might be unsafe to place the temptation before the unscrupulous. The safer rule is, and the one, too, in harmony with the authorities, to require very clear and satisfactory proof to impeach an acknowledgment of a deed or mortgage.

Another question has been presented, which remains to be considered. It is said, the trustee was not present when the property was sold. It appears that an auctioneer was employed by the trustee to sell the property, and there is some evidence tending to show the trustee was not present when the land was sold; but, upon a due examination of the record, we are satisfied the sale was made by and under the direction of the trustee, and that he was present when the sale was made. Sanborn expressly testified he saw the trustee there, and knew he was present. The trustee had the undoubted right to employ an auctioneer to sell the lands, and if he was present at the sale, and directed and controlled it, that was a compliance with the terms of the power contained in the deed of trust, and satisfied the demands of the law.

Other questions, of a technical character, have been discussed, but their decision is not regarded of importance.

We are of opinion the decree of the circuit court was correct, and it will be affirmed.

*Decree affirmed.*