### JAMES M. FITZGERALD

*v.*

### ELLEN FITZGERALD *et al.*

*Filed at Springfield September 30, 1881.*

1. DEED—*impeaching and overcoming certificate of acknowledgment.* To impeach the certificate of the acknowledgment of a deed, the proof must show a conspiracy between the officer taking the acknowledgment and the grantee, or that the officer practiced imposition or fraud upon the grantor, and the testimony of the grantor alone is not sufficient to overcome the certificate and the officer's testimony in support of the same.

2. As between the immediate parties to the deed, the acknowledgment may be impeached for fraud, collusion or imposition, but not otherwise;—and the evidence to warrant the setting aside of a deed upon the ground that the acknowledgment was obtained through fraud, collusion or imposition, must, by its completeness and reliable character, fully and clearly satisfy the court that the certificate is untrue and fraudulent.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. STUART, EDWARDS & BROWN, and Mr. JOHN C. SNIGG, for the plaintiff in error:

The unsupported testimony of a party to a deed that he did not execute it, can not prevail over the official certificate of the officer taking the acknowledgment. *Kerr* v. *Russell,* 69 Ill. 669; *Lickmon* v. *Harding,* 65 id. 505; *Monroe* v. *Poorman et al.* 62 id. 527; *Marston et al.* v. *Brittenham,* 66 id. 614.

· Messrs. ROBINSON, KNAPP & SHUTT, for the defendants in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Bill was filed in the circuit court of Sangamon county, by Ellen Fitzgerald and Mary Fitzgerald, against James M. Fitzgerald, in which it is alleged that complainants are sisters of the defendant; that on the 4th of December, 1869, he conveyed to them a life interest in lots 1 and 2, in block 9, in E. Iles' addition to the city of Springfield, for the consideration of one dollar and natural love and affection; that on the 14th of May, 1875, the defendant, through misrepresentation, circumvention and fraud, obtained their signatures to a quitclaim deed, purporting to have been executed by them to him for said lots; and praying that such deed be cancelled, etc.

James M. Fitzgerald answered the bill, admitting the conveyance by him to the complainants of the life interest in the lots, as alleged in the bill, but alleging that he paid the sum of $2500 of his own money for the lots; that the deed by him to the complainants was in trust, and the property, by the agreement of the complainants, was to be reconveyed by them to him whenever he should request them so to do; and that he did, on said 14th of May, 1875, request them to reconvey said property to him, and they did thereupon do so. He denies that the reconveyance was procured by misrepresentation, circumvention or fraud, as alleged, but alleges that the same was voluntarily executed, and with full knowledge of the contents of the instrument of conveyance.

The cause was referred to a master in chancery to take and report the proofs, all of which are preserved in the record. The circuit court decreed in conformity with the prayer of the bill, and the record is brought here by writ of error sued out by the defendant below.

The evidence shows that plaintiff and defendants in error, and also their mother, lived together as a family for some time anterior to the making of the deed by plaintiff in error to defendants in error, and thence until after the making of the deed reconveying the property by defendants in error to plaintiff in error, and the evidence, both on behalf of plaintiff in error and defendants in error, shows that defendants in error affixed their signatures to the last named deed, but they claim they did so not knowing what they were signing, being misled in that regard by plaintiff in error. The acknowledgment is in the form prescribed by the statute, and is duly certified to by S. B. Brock, a justice of the peace, and the question is, whether the evidence on behalf of defendants in error is sufficient to overcome this certificate.

Because the contest here is between the grantors and grantee in the deed, it seems to be thought by counsel for defendants in error that the previous decisions of this court upon the question of contradicting the certificate of acknowledgment are without relevancy. This is a misapprehension. In *Kerr* v. *Russell,* 69 Ill. 666, where there was a contest between the widow and subsequent grantees of the fee in regard to the certificate of acknowledgment in respect of her relinquishment of dower, we said: "On general principles, a purchaser for value, without notice of any adverse claim or secret equities, can not be disturbed, and we see no reason why the rule should not apply in kindred cases." And it seems elsewhere it has been held, in favor of purchasers for a valuable consideration without notice, the certificate of acknowledgment is conclusive as to all matters which it is the duty of the acknowledging officer to certify, if he has jurisdiction. Note to *Smith* v. *Ward,* 1 Am. Decisions, 81; *Wharton on Evidence,* sec. 1052; *Williams* v. *Baker,* 71 Pa. St. 476; *Hall* v. *Patterson,* 51 id. 289; *Miller* v. *Wentworth,* 82 id. 280; *Ridgeley* v. *Howard,* 3 Harr. & McHenry, 321.

But as between the immediate parties to the deed, the acknowledgment may be impeached for fraud, collusion or imposition, but not otherwise; and the evidence, to warrant the cancellation or setting aside of a deed upon the ground that the acknowledgment was obtained through fraud, collusion or imposition, must, as we have held, "by its completeness and reliable character, fully and clearly satisfy the court that the certificate is untrue and fraudulent." *Marston* v. *Brittenham*, 76 Ill. 614. And in *Lickmon, etc.* v. *Harding*, 65 Ill. 505, we held, in the absence of proof of fraud and collusion on the part of the officers taking and certifying the acknowledgment of a deed, the officer's certificate, in proper form, must prevail over the unsupported testimony of the party grantor that the same was false and forged. To a like effect are, also, *Graham* v. *Anderson*, 42 Ill. 514; *Monroe* v. *Poorman et al.* 62 id. 523. And see, also, *Borland* v. *Walrath*, 33 Iowa, 130; *Vanorman* v. *McGregor*, 23 id. 300; *Hortienne* v. *Schnoor*, 33 Mich. 274; *Howland* v. *Blake*, (7 Otto) 97 U. S. 624.

There is not the slightest evidence in this record tending to impeach the certificate of acknowledgment, except the testimony of the defendants in error,—the grantors in the deed. They and plaintiff in error, as has been shown, were at the time residing together as a family, and they say that he represented that the deed was a "tax paper," and they signed it under that belief. They both can read and write, and, we must presume, are ordinarily intelligent. They say that when they signed the deed plaintiff in error kept a newspaper over the writing so they could not read it, and hurried them up by urging that he was anxious to be off so that he would be in time for the street car. This can hardly be regarded as a satisfactory excuse. It would seem that interest in the property, if not curiosity alone, would have prompted inquiry as to the character of the tax paper they were required to sign, and that the act of concealing the writing, being observed, as

they say it was, should have excited suspicion and put them upon their guard. Any reflection must have satisfied them they were in some way to be affected by the paper, and if means were used to prevent their ascertaining its contents, they ought to have known it was because it was supposed if they knew its contents they would not sign the paper. They do not pretend they asked a word of explanation.

It is, moreover, a circumstance tending to discredit the good faith of defendants in error that they did not file their bill or make an effort to get the property back until after more than two years had elapsed from the time they admit they knew they had signed a deed. They admit they knew about a month after they signed the deed, that it was a deed; but the bill was not filed until the 21st of September, 1877, and during all this intervening time they continued to reside with plaintiff in error, making no effort to have the property reconveyed to them, and, so far as appears, not complaining of his conduct.

Plaintiff in error, in his testimony, directly and positively contradicts that of defendants in error. He says he told them it was a deed, and why he wished them to sign it, and he explains their readiness to sign it by the fact that they held the property only in trust for him, having contributed nothing, at any time, for its purchase or improvement, and he says they signed the deed knowingly, freely and voluntarily.

There is no proof tending to show a conspiracy between the officer taking the acknowledgment and plaintiff in error, or that the officer practiced imposition or fraud upon defendants in error. His certificate shows that defendants in error knew what they were signing, and that they freely and voluntarily signed and acknowledged the deed. His evidence, taken orally, corroborates this.

The certificate, under the rule referred to, has not been successfully impeached.

It would be a most dangerous rule indeed, and one which we can never consent to tolerate, to hold that every grantee in a deed, even as between himself and his grantor, is bound, at all times, to be able to prove, by evidence other than his own oath, the truth of the certificate of acknowledgment, if only his grantor shall give testimony contradicting it. Such a rule, by the temptation it would offer to reckless and unscrupulous cupidity, would necessarily greatly weaken faith in all titles by deed. It would, in effect, be a continued invitation to perjury, and could not be otherwise than productive of very great and general harm, while only in rare and exceptional cases would it be promotive of the ends of justice.

The decree is reversed, and the cause remanded, with directions to the circuit court to enter a decree dismissing the bill of defendants in error.

*Decree reversed.*