Pereau v. Frederick.

The cause is therefore held to have abated, and its further consideration is dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.

---

MARTHA P. PEREAU, APPELLEE, v. PETER FREDERICK, APPELLANT.

1. **Deed:** ACKNOWLEDGMENT. A certificate of acknowledgment of a deed or mortgage is *prima facie* correct, and cannot be impeached except for fraud, collusion, or imposition.

2. ——: ——: DESCRIPTION. An officer taking the acknowledgment of a deed or mortgage cannot *after the execution* of the instrument change the description of the premises mortgaged or conveyed without the assent of the mortgagor or grantor, even to make the description conform to the contract as he understood it.

3. **Contract:** EVIDENCE. In a cross-action to require the execution of a mortgage, *Held,* That the agreement to execute it must be clearly proved.

4. **Principal and Agent.** Where an agent purchases a note and mortgage with notice of facts sufficient to put him on enquiry, the principal will be charged with such notice.

5. **Mortgage:** ALTERING DESCRIPTION. Where the description of mortgaged premises was altered without the assent of the mortgagor, after the execution of the mortgage, *Held,* That the mortgage was void even in the hands of a bona fide holder.

APPEAL from the district court of Richardson county. Heard below before BROADY, J.

*E. W. Thomas,* for appellant, cited: *Palmer v. Windrum,* 12 Neb., 494. *Cake v. Peele,* 49 Conn., 483. *Young v. Darrell,* U. S. Supreme Court, 1883. *Huter v. Glasgow,* 79 Penn. State, 79. *Northwestern Insurance Co. v. Nel-*

*son,* 12 Rep.; 161. *Fitzgerald v. Fitzgerald,* Id., 720. *Dolph v. Barney,* 14 Am. Law Reg., 748. *Washburn v. Roesh,* 13 Brad., 268. 6 Wait's Actions and Defenses, 472.

*Frank Martin,* for appellee, cited: *H. & M. v. Finch,* 3 Ohio State, 449. *Hodge v. Gilman,* 20 Ill., 441. *Montag v. Linn,* 23 Ill., 551. *VanHorn v. Bell,* 11 Iowa, 465.

MAXWELL, J.

In September, 1882, one L. E. Wood sold an alleged patent right to one Joseph H. Pereau, for the sum of $750. To secure the payment of the same Pereau and wife executed a mortgage upon lots 1 and 2, in block 4, in Steele's addition to Falls City, and also upon the undivided half of lot 8, in block 58, in said city. The mortgage was afterwards changed by erasing the numbers "one" and "two," and inserting in lieu thereof "thirteen" and "fourteen," so that in the mortgage as changed the property is described as "lots thirteen and fourteen (13 and 14), in block four (4), in Steele's addition to Falls City, Neb.," being the homestead of Pereau and his wife. This action is brought by the wife of Pereau against Frederick, who had purchased the note and mortgage of Wood, to cancel the mortgage upon the homestead, for the reason that the description of said premises was fraudulently inserted, without her consent, in said mortgage, after she had signed and acknowledged the same. The court below found the issues in favor of the plaintiff, and rendered a decree declaring the mortgage on the homestead null and void, and canceling the same. The defendant appeals.

That the mortgage was changed is admitted, and the only question for determination is, whether the change was made before or after it was signed and acknowledged. It is contended on behalf of the defendant, and we think correctly, that the certificate of the officer taking the ac-

knowledgment must stand against a mere conflict of evidence as to whether the instrument was voluntarily signed, acknowledged, and delivered or not, and cannot be impeached except upon proof which clearly shows it to be false and fraudulent. *Heeter v. Glasgow*, 79 Penn. State, 79. *N. W. Ins. Co. v. Nelson*, 12 Reporter, 161. *Fitzgerald v. Fitzgerald*, Id., 720. In the absence of proof of fraud and collusion on the part of the officer taking and certifying the acknowledgment of an instrument, the officer's certificate in proper form must prevail over the unsupported testimony of the grantor or mortgagor that the same is false and forged. *Fitzgerald v. Fitzgerald*, 12 Reporter, 721. *Gorham v. Anderson*, 42 Ill., 514. *Monroe v. Poormun*, 62 Id., 523. *Borland v. Walrath*, 33 Iowa, 130. *Van Orman v. McGregor*, 23 Id., 300. *Hourtunne v. Schnoor*, 33 Mich., 274. *Howland v. Blake*, 97 U. S., 624. In this case, however, the certificate is impeached by the testimony of the notary taking the acknowledgment. He testifies that he did not read the mortgage to the plaintiff, but stated its contents to her, and that it included the homestead. He then states: "I wrote them in in that way" (lots 1 and 2), "and afterwards, when my attention was called to the fact I had put in 1 and 2, I supposed it was a good faith transaction on the part of Pereau, and merely a mistake on his part, and when the deed was brought back to me, supposing it was a mistake of mine, I changed the numbers 1 and 2 to 13 and 14 myself, and Mrs. Pereau nor Pereau was not present when I made it."

On cross-examination he testifies as follows:

Q. What time was the mortgage brought back for correction?

A. I don't remember; I think the same afternoon, but I am not sure of that.

Q. Early afternoon?

A. I don't remember what time it was.

Q. Are you sure it was not after dark?

A.   I cannot remember.

Q.   Who brought it to you?

A.   Wood.

Q.   What did he say?

A.   He said, "There is a mistake in this deed;" and I then went and got the plat and compared, and there was a mistake in the deed, and I supposed it was my error, as I supposed Pereau was in good faith giving the numbers, and I corrected it—or at least I changed it, whether you call it a correction or not.

He also testifies that the mortgage might have been filed for record in the county clerk's office when he made the alteration.   Charles Loree, deputy county clerk, testifies that the instrument was filed for record on the evening of the 23d of September, 1882.   He states:  " Wood asked me to record it, and also asked me if it covered Pereau's property, and I told him it did not."

Q.   It then covered lots 1 and 2 in block 4?

A.   I told him it did not.

Q.   What did he do then?

A.   He asked me to wait half a minute, and he would have it corrected.

Q.   How long did he have it out?

A.   I think a few minutes.

Q.   And brought it back in the condition it now is?

A.   Yes.

One Niekirk, called as a witness for the defendant, testifies that he went with Wood to have the mortgage recorded about 8 or 9 o'clock in the evening of the day on which the mortgage was made; that Loree, the clerk, informed Wood that there was a mistake in the numbers of the lots; that "Wood spoke up and began to curse, and says he is going to have them made right, and to satisfy him Loree went and got the book and showed him he hadn't got the right numbers, and he took that note up and made the remark: 'I have paid them, and by —— he's got to make

them right.' He mentioned Wardell (the notary's) name when he made the oath. He went away, and was gone from ten to fifteen minutes, and came back and said: 'By ——, I have got them right,' and he put them on the record, and he paid Charlie for his trouble and we went home." The testimony of the plaintiff and other witnesses establishes beyond question that the alteration was made after the mortgage was signed and acknowledged, and without the plaintiff's consent. The court did not err, therefore, in declaring the mortgage null and void and setting it aside.

The defendant also filed a cross-petition praying for the execution of a mortgage on the plaintiff's homestead in case the mortgage executed September 22d, 1882, was canceled. To authorize such relief—a specific execution of an agreement—the contract must be clearly established. *Allen v. Webb*, 64 Ill., 342. *Lockerson v. Stillwell*, 13 N. J. Eq., 357. *Minturn v. Baylis*, 33 Cal., 129. *Reese v. Reese*, 41 Md., 554. *Wrigler v. Wrigler*, 31 Mich., 380. *Stanton v. Miller*, 58 N. Y., 192. *Bowman v. Cunningham*, 78 Ill., 48. *Martin v. Halley*, 61 Mo., 196. *Odell v. Morin*, 5 Oregon, 96. *Shropshire v. Brown*, 45 Ga., 175. This the proof fails to show, and the cross-petition was properly dismissed.

The defendant claims to be a *bona fide* purchaser before maturity of the note and mortgage, and therefore is entitled to protection. The proof upon this point clearly shows that the note and mortgage were purchased before maturity, at a large discount, and with full notice to the defendant's agent purchasing the same of the character of the transaction. But even if the defendant was a *bona fide* purchaser he could not be permitted to enforce a mortgage against the plaintiff which she never executed. The judgment of the court below is clearly right, and is in all things affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.