KRIEGER, *Appellant*, v. CROCKER.

Division Two, December 7, 1893.

**Married Woman:** DEED: DEFECTIVE ACKNOWLEDGMENT. A deed
of a married woman, the acknowledgment of which does not show
that she was examined separate and apart from her husband as
required by the law in force at the time the deed was executed, is
void and passes no title.

*Appeal from Iron Circuit Court.*—HON. J. L. THOMAS,
Judge.

AFFIRMED.

*C. D. Yancey* for appellant.

The objection to the acknowledgment was purely
technical. The title was in the wife, and while it may
be admitted that the law of this state in force at that
time, required the wife to be examined "separate and
apart from her husband," yet this defect was not avail-
able to defendant, unless he was a purchaser for a val-
uable consideration. Before this defense is available
to defendant he must allege in his answer, and prove
upon the trial, that he is a purchaser of the land for a
valuable consideration. *Chouteau v. Burlando*, 20 Mo.
482; *Bishop v. Schneider*, 46 Mo. 472; *Mastin v. Halley*,
61 Mo. 196; *Jewett v. Palmer*, 7 Johnson's Chancery
Reports, 64. Here the deed was valid on its face, suffi-
cient in all respects to pass the wife's title. No objec-
tion is made to the deed, but only to the form of the
acknowledgment. This may not be done by a "squat-
ter;" it is only open to a *bona fide* purchaser for value,
without notice, as has been well ruled in all the cases.

*Silver & Brown* and *W. R. Edgar* for respondent.

(1) The statute in force at the time of the execution of the deed in question required that the acknowledgment of a married woman should be made on examination apart from her husband, and that the acknowledgment should so state. General Statutes, 1865, p. 445, secs. 13, 14; Revised Statutes, 1879, secs. 680, 681. (2) Only when the acknowledgment conforms to the statute is the deed properly read in evidence without further proof. General Statutes, 1865, p. 447, sec. 29. (3) The essential recital in the acknowledgment of the wife's examination apart from her husband is wholly omitted, and hence the acknowledgment fails to comply with the law on a substantial matter. (4) An acknowledgment by a married woman in compliance with the statute is essential to the validity of her deed. Unless it is so acknowledged her title does not pass—it cannot be made effectual, even by the aid of a court of equity. *Chauvin v. Wagner*, 18 Mo. 531; *Wannell v. Kem*, 57 Mo. 478; *Burnett v. McCluey*, 78 Mo. 676; 1 Devlin on Deeds, sec. 100. (5) The authorities referred to by appellant's counsel do not apply. They are not cases of the conveyances of married women. A married woman could not make a deed at common law; the statute giving her the power is an enabling one, and compliance with its requirements is necessary to pass her title. This is elementary law.

BURGESS, J.—Ejectment for a tract of land in Iron county. The petition is in the usual form, and the answer a general denial.

Plaintiff claimed title through mesne conveyance from Maria Everly and Henry Everly, her husband, and, on the trial before a jury, offered to read in evi-

dence a deed to the land in controversy executed by them on the twenty-sixth day of January, 1870. To the reading of this deed in evidence defendant objected upon the ground that it had not been properly acknowledged, inasmuch as the certificate of acknowledgment did not show that the deed was acknowledged by Maria Everly separate and apart from her husband. The objection was sustained and the deed was not allowed to be read, whereupon plaintiff duly excepted, took a nonsuit with leave, and, after having moved to set the same aside and the motion being overruled, he appealed to this court.

The certificate of acknowledgment to the deed is as follows:

"STATE OF MISSOURI, }
"County of St. Louis.  } ss.

"Be it remembered that on the twenty-sixth day of January, A. D. eighteen hundred and seventy, before me, the undersigned, a notary public within and for the county and state aforesaid, came Maria Everly and Henry Everly, her husband, who are personally known to me to be the same persons whose names are subscribed to the foregoing instrument of writing as parties thereto, and they acknowledged the same to be their act and deed for the purposes therein mentioned. And she, the said Maria Everly, having been by me first made acquainted with the contents of said instrument of writing, acknowledged that she executed the same freely, and without compulsion or undue influence of her said husband."

The title of the land at the time of the execution of this deed was in Maria Everly, and, while it is conceded by counsel for plaintiff that the acknowledgment was defective, his contention is that it was not available to defendant, because there was no allegation in the answer that the defendant purchased the land for

a valuable consideration. The authorities cited as sustaining this position are, *Chouteau's Ex'r v. Burlando*, 20 Mo. 482; *Bishop v. Schneider*, 46 Mo. 472; *Mastin v. Halley*, 61 Mo. 196, and *Jewett v. Palmer*, 7 Johns. Ch. 64. An examination of these cases shows that not one of them was an action of ejectment, in which the universal rule is that the plaintiff must recover upon the strength of his own title. Not only this, but the title was in Mrs. Everly, a married woman, who had no power whatever to convey her land, unless by the manner and means provided by statutory law.

The statute in force at the time of the execution of the deed now under consideration required that the acknowledgment of a married woman should be taken on an examination apart from her husband, and that the certificate of acknowledgment should so state. Sections 13, 14, p. 445, General Statutes, 1865. Under the statute as it was at that time, it was essential that the certificate state that she was examined separate and apart from her husband, and as it failed to do so the deed as against her was null and void, and passed no title. *Burnett v. McCluey*, 78 Mo. 676; *Wannell v. Kem*, 57 Mo. 478; *Chauvin v. Wagner*, 18 Mo. 531.

As the court committed no error in excluding the deed, and as that is the only question presented for the consideration of this court, the judgment is affirmed. All of this division concur.