IGNATZ TUSCHINSKI

*v.*

METROPOLITAN WEST SIDE ELEVATED RAILROAD CO.

*Opinion filed October 24, 1898—Rehearing denied December 14, 1898.*

1. DEEDS—*grantor's uncorroborated denial of signature will not overcome notary's certificate.* The uncorroborated testimony of a grantor that his deed is a forgery will not overcome the certificate of the officer who took the acknowledgment, in the absence of proof of fraud, collusion or imposition by the latter.

2. SAME—*rule applying to deeds applies to a release.* The rule making the grantor's uncorroborated denial of his signature insufficient to overcome the officer's certificate applies to a release of damages containing covenants affecting the grantor's rights in land, although it also contains the elements of a contract on the part of the grantee to use the land in a certain way.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

JOHN W. WALSH, for appellant.

ADDISON L. GARDNER, (WILLIAM W. GURLEY, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On December 16, 1896, appellant filed his bill in equity in the circuit court of Cook county, seeking to have the court declare fraudulent and void, as a cloud upon his title, three certain deeds, as follows: A deed from appellant to Harry D. Taylor, dated January 3, 1896, purporting to convey "the south 25.75 feet of lots 49, 50, 51 and 52, in the subdivision of block 52 of the division of section 19, township 39, north, range 14, east of third principal meridian, in Cook county, Illinois;" a deed to the same premises from Henry D. Taylor, dated January 3, 1896, to appellee; and a deed from appellant to appellee, dated January 7, 1896, purporting to be a release by him

of all claims for damage to the remainder of his said lots by reason of appellee's proposed elevated railway, containing a condition as follows: "The above release is given by the said Ignatz Tuschinski, and is accepted by the said the Metropolitan West Side Elevated Railroad Company, upon the express condition that the said premises, to-wit, the south twenty-five and seventy-five hundredths (25.75) feet of lots forty-nine (49), fifty (50), fifty-one (51) and fifty-two (52) aforesaid, shall be used by the said Metropolitan West Side Elevated Railroad Company as a part of its right of way for an elevated railroad, and for no other purpose, and that the space between columns and beneath girders shall be kept free and clear from all buildings and all other obstructions, so as to afford free access to the alley from adjacent property, subject only to such interruptions as may be necessary in constructing and maintaining said elevated railroad, and that the height of the lowest portion of the superstructure shall be in no case less than fourteen (14) feet above the present surface of the adjacent street or alley, and that the railroad so to be constructed shall be used only for passenger traffic."

The bill sets forth that appellant was the owner of the lots in question, and during a large part of the year 1895 had been negotiating with appellee for the sale to it of the south 25.75 feet thereof; that appellee had caused a deed between appellant and wife, as grantors, and it, as grantee, to be prepared and delivered to appellant to be executed, which was not done; that appellant did not execute or acknowledge either of the three instruments mentioned, nor empower or authorize any person to do so for him, nor did he ratify or confirm the execution thereof in any particular; that the same are forged, a fraud upon him and a cloud upon his title; that appellee has entered into possession of the land, and refuses to restore the same to appellant.

Appellee answered, admitting the ownership of the lots by appellant, and the preparation of the deed, with appellant and wife as grantors, containing a release of all claims for damages to the remainder of the lots, and the agreement by appellee to use the premises as a part of its right of way and for no other purpose, as stated in the deed of January 7, 1896, set forth in the bill, and expressly denying that the deeds in question, or either of them, are forgeries or in any respect fraudulent. It gives a detailed account of the transaction between appellant and appellee, setting forth that appellant, at the time of the execution of the deeds, was having difficulty with his wife, and divorce proceedings between them were then pending; that she refused to sign a deed with her husband, and at the suggestion of appellant and his attorney, George Crawford, she executed a conveyance of said south 25.75 feet of the lots to Harry D. Taylor, who in turn conveyed the same to appellee; that appellant also conveyed the same to Taylor, who conveyed to appellee; that by inadvertence and mistake the deeds from appellant and wife to Taylor did not contain the release of damages bargained for between appellant and appellee; that when this was discovered, at the request of appellee appellant executed the deed of January 7, 1896, to supply the defect; that the agreed price to be paid by appellee for the land was $5000, less certain incumbrances which were paid by appellee, at the request of appellant, to said Harry D. Taylor. The answer of defendant Harry D. Taylor shows that in accepting the deeds from appellant and wife, and in making the deeds to appellee, he merely acted as trustee to accommodate appellant's attorney, George W. Crawford, and that all the money paid him by appellee was delivered over to Crawford. On the hearing the bill was dismissed at the cost of complainant.

It appears from the evidence that Crawford absconded without paying the purchase money over to appellant,

but the act of appellant's attorney cannot prejudice the rights of appellee. The important issue presented by the bill and answer is whether the deeds in question were forged or obtained by fraud. The only evidence in the record tending to sustain the allegations of the bill in that regard is that of the complainant himself. It has long been the established doctrine of this court that in proving the execution of deeds, in the absence of proof of fraud, collusion or imposition on the part of the officer taking and certifying the acknowledgment thereof, such certificate must prevail over the unsupported testimony of the grantor that it was false and forged, (*Fitzgerald* v. *Fitzgerald*, 100 Ill. 385,) and that the uncorroborated denial of one's signature to a duly acknowledged deed is insufficient to destroy its validity. *Kerr* v. *Russell*, 69 Ill. 666.

It is insisted by counsel that the instrument or deed of date January 7, 1896, releasing all claims for damages, etc., was merely a contract, and not required by statute to be acknowledged, and for that reason the rule does not apply that the unsupported testimony of the party purporting to have made the acknowledgment is insufficient to overcome the officer's certificate. The position is untenable. The statute provides that "deeds, mortgages, conveyances, releases, powers of attorney, or other writings of or relating to the sale, conveyance or other disposition of real estate, or any interest therein, whereby the rights of any person may be affected in law or in equity, may be acknowledged or proved." (Rev. Stat. chap. 30, sec. 20.) It will be seen by reference to the deed or release that it is more than a mere contract waiving damages, but contains covenants affecting the rights of appellant in the lands of appellee, and clearly comes within the above section of the statute.

Aside from the above stated rules of evidence, the testimony of appellant is, in our opinion, too vague, uncertain and unsatisfactory to sustain the charges made by his bill. He does not give a clear, satisfactory and

consistent account of his actions and conduct during the period covered by the transactions, which, in any view of the case, the rules of evidence require.

The decree of the circuit court will be affirmed.

*Decree affirmed.*