GEORGE MONROE

*v.*

AMANDA E. POORMAN *et al.*

1. ACKNOWLEDGMENT OF DEED—*impeaching by parol evidence.* Where the certificate of acknowledgment of a mortgage in due form shows that the

wife relinquished her dower and homestead right, in the absence of fraud or imposition upon the wife, or combination between the mortgagee and the officer taking the acknowledgment, she will not be allowed to show in defense of a bill to foreclose that she did not in fact relinquish her dower and homestead right.

2.   Where the certificate of the acknowledgment of a deed is in conformity to law, it can only be impeached for fraud or imposition. The certificate must be judged of by what appears upon its face. Therefore, proof negativing the necessary facts shown therein, will not alone be sufficient to impeach the certificate.

APPEAL from the Circuit Court of Coles County; the Hon. JAMES STEELE, Judge, presiding.

Mr. JAMES A. CONNELLY, for the appellant.

Mr. O. B. FICKLIN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Coles circuit court, to foreclose a mortgage.   The widow and heirs-at-law of the mortgagor were made parties, and guardians *ad litem* appointed for the infants.

An answer was filed by the widow, oath being waived, in which she denied executing the mortgage and the acknowledgment thereof.

The acknowledgment was as follows:

"STATE OF ILLINOIS,⎫ ss:
          COLES COUNTY,⎭

"I, D. C. M. Evans, a notary public in and for the city of Charleston, said county, in the State aforesaid, do hereby certify that Allison C. Poorman and Amanda Poorman, his wife, personally known to me as the same persons whose names are subscribed to the foregoing mortgage, appeared before me this day in person and acknowledged that they signed, sealed, and delivered the said instrument of writing as their free and voluntary act, for the uses and purposes therein set forth.   And

the said Amanda Poorman, wife of the said Allison C. Poorman, having been by me examined, separate and apart, and out of the hearing of her husband, and the contents and meaning of said instrument of writing having been by me made known and fully explained to her, and she also by me being fully informed of her rights under the homestead laws of this State, acknowledged that she had freely and voluntarily executed the same, and relinquished her dower to the lands and tenements therein mentioned, and also all her rights and advantages under and by virtue of all laws of this State relating to the exemption of homesteads, voluntarily and freely, and without the compulsion of her said husband, and that she does not wish to retract the same.

"Given under my hand and notarial seal, this 21st day of August, A. D., 1867.

    [SEAL.]             "D. C. M. EVANS, N. P."

The widow was sworn as a witness, and she denied having relinquished her dower and homestead right. The notary public was sworn, and he testified that he told her when he gave her the mortgage to sign, that if she signed it, it would release her dower and homestead; does not recollect that he told her she was entitled to a homestead worth one thousand dollars; remembers he told her if she signed the mortgage, the act would be a relinquishment of her homestead and dower. Her husband having previously at another place signed it, she took the mortgage and went into another room of the house to sign it; she returned soon into the room where the notary was, and handed him the mortgage with her name signed to it. She said she had signed it; she seemed to be crying. The notary then told her she was not bound to sign or acknowledge the mortgage, and she said she understood it. The notary said to her: "You seem to be crying;" and she replied, "it was not on that account, but it was because Mr. Poorman was going into the kind of business he was, though it seemed he could not do any thing else, and she was willing to help him." She then acknowledged the mortgage as certi-

fied by the notary. Her husband was not present at the time, nor was he about the house.

A. H. Chapman testified that the evening before the mortgage was executed he went to see Mrs. Poorman about signing the mortgage, and she did not want to sign it. He then went up town and saw the mortgagee and Poorman, and told them if they would send the mortgage down, he thought she would sign it. She was willing to sign a mortgage on the saloon, but not on the homestead, at that time.

Mrs. Poorman does not testify she did not know she was entitled to a homestead of the value of one thousand dollars, but only that the notary did not tell her so. The notary, who is a disinterested witness, positively swears that he told her, if she signed the deed she would be releasing her dower and homestead ; and she knew the law gave her a homestead of the value of one thousand dollars in the property.

If the testimony of a wife, who may or not become a widow, is to prevail over her own deliberate act, done knowingly, and over the testimony of a disinterested officer taking the acknowledgment, there will be but frail security to titles ; for if such evidence is to prevail in one case, it must prevail in all cases ; and whenever a woman can be found, and they are numerous, to swear against her own act, there is really no security in titles, derived in whole or in part from them.

If this claim is allowed, then the titles of the State are in the most imminent danger, for the wife can destroy her act in every case, and nullify the certificate of the officer whenever her interest or cupidity, or other motive, may prompt her to make the experiment. Indeed, it will be no longer an experiment, for if the decree in this case is sanctioned, it will become a precedent.

We are satisfied, the acknowledgment being in proper form, and the wife fully informed, her right of dower and homestead was released. The officer sufficiently explained to her the effect of the mortgage, and she replied she understood it.

This question came before this court in an action of eject-

ment, in which the premises sued for were claimed as a homestead, and in which it was contended the homestead had not been released by the wife. The question was, did the wife release her homestead ?

Her acknowledgment of the fact was certified by the magistrate, in the usual form, and he testified to it on the trial. Other witnesses testified they were present when the acknowledgment was taken, and in a position to hear all that was said, and heard no such acknowledgment. The jury gave to the testimony of the magistrate the greatest weight, and found—and, as we thought, correctly—that the wife had relinquished her homestead right. In the opinion delivered in that case it was said, " But another more important question remains, and that is, in the absence of fraud or imposition in proving the execution of a deed by a wife, is parol evidence admissible in an action of ejectment to impeach the certificate ? We have examined the authorities on this point, and we think where the certificate of the privy examination of a married woman is in the form required by the statute, it is not sufficient, in order to impeach it, to allege that there was no private examination ; that she did not acknowledge the deed as her act and deed ; that she did not release her homestead right. There must be some allegation of fraud or imposition practiced toward her ; some fraudulent combination between the parties interested and the officer taking the acknowledgment. The certificate of the officer as to the acknowledgment must be judged of solely by what appears on the face of the certificate ; and if that is in substantial compliance with the statute, it ought not to be impeached except for fraud and imposition." *Graham* v. *Anderson*, 42 Ill. 514.

Testing this case by these principles, as they apply as well to this suit as to an action of ejectment, the certificate of acknowledgment should have prevailed, there being no proof, or pretense, even, of fraud and imposition practiced upon appellee, or any fraudulent combination of the grantee with the officer taking the acknowledgment ; nothing of this kind is shown.

The decree is reversed and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*