# CASES

## ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

GEORGE STRAUCH *et al.*

*v.*

EDWIN HATHAWAY *et al.*

*Filed at Ottawa November 10, 1881.*

1. ACKNOWLEDGMENT—*evidence to impeach.* In the absence of evidence of fraud, conspiracy or overreaching of any kind, or anything casting a suspicion upon the integrity or honesty of the certifying officer, and when the certificate of acknowledgment of a deed is in conformity with the statute, it can not be impeached by merely negativing the facts therein stated.

2. As between the former owner of land and an innocent purchaser under a deed of trust, before the title of the latter can be defeated by impeaching the truthfulness of the certificate of acknowledgment to the trust deed, the evidence must be clear and conclusive, excluding every reasonable doubt.

APPEAL from the Circuit Court of Carroll county; the Hon. JOHN V. EUSTACE, Judge, presiding.

Messrs. HUNTER & HOFFMAN, for the appellants:

The law makes the certificate of acknowledgment of a deed evidence of the execution of the deed. It imports verity, and can not be overcome except by clear and undoubted evidence of its fraudulent character. *Spurgin* v. *Traub et al.*

65 Ill. 170; *Sisters of Loretto* v. *Catholic Bishop*, 86 id. 171; *McPherson* v. *Sanborn et al.* 88 id. 150; *Tunison* v. *Chamberlin et al.* 88 id. 378; *Myers* v. *Parks*, 95 id. 408.

After the lapse of several years, proof on the part of a wife will not be allowed to avoid such deed as against an innocent purchaser without notice, by showing that she never in fact acknowledged the deed. *Kerr* v. *Russell*, 69 Ill. 666; *Choteau* v. *Jones*, 11 id. 800; *Peck* v. *Arehart*, 95 id. 113; *Hunter* v. *Stoneburner*, 92 id. 75; *Pratt* v. *Stone*, 80 id. 440.

Mr. JAMES SHAW, for the appellees:

1. The husband alone can not waive the homestead. The wife must join with him to make his waiver effective; and where possession is retained, the homestead can only be alienated when the wife not only signs the conveyance, but also properly acknowledges it. Rev. Stat. 1874, p. 497, sec. 4; *Richards et ux.* v. *Greene*, 73 Ill. 54; *Moore* v. *Titman*, 33 id. 358; *Eldridge* v. *Pierce et al.* 90 id. 474; *Black* v. *Lush*, 69 id. 70; *Marshall* v. *Poor*, 35 id. 106.

2. The husband and wife may join in suit to assert the right of homestead. *Eyster* v. *Hathaway et al.* 50 Ill. 521.

3. A false certificate is a fraud on the wife. A certificate may be impeached like a record, or a fine and recovery. They always could be impeached for fraud. 73 Ill. 337.

4. The homestead right may be asserted at any time, when it has not been abandoned, or conveyed according to statute. *Wing* v. *Cropper*, 35 Ill. 256; *Young* v. *Graff*, 28 id. 20; *Allen* v. *Hawley*, 66 id. 164; *West* v. *Krebaum*, 88 id. 263; *Asher* v. *Mitchell*, 92 id. 480; *Moore* v. *Dixon*, 35 id. 208.

5. The certificate of acknowledgment may be shown to be false. A clear preponderance of testimony will be sufficient in showing this. *Marston et al.* v. *Brittenham*, 76 Ill. 611; *Lowell* v. *Wren*, 80 id. 238; *McPherson* v. *Sanborn et al.* 88

id. 150; *Blackman* v. *Hawks,* 89 id. 512; *Myers* v. *Parks,* 95 id. 408.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 26th of February, 1876, Edwin Hathaway borrowed of Caroline Marks $3000, to secure which he and his wife, Flora A. Hathaway, executed a deed of trust to Henry A. Miles, as trustee, in the usual form, upon their homestead premises, which the proofs show do not exceed in value $1000. Default having been made in payment, the premises were sold under the trust deed, and George Strauch became the purchaser. Hathaway and wife having refused, after demand, to surrender possession of the premises to Strauch, the latter instituted an action of forcible detainer to recover their possession, whereupon appellees filed the present bill against appellants in the Carroll county circuit court, by which they seek to set aside the sale under the trust deed, to enjoin the forcible detainer proceeding, and to have their homestead set off and assigned to them. The relief sought by the bill is asked on the alleged ground the deed of trust contained no waiver of the homestead by Mrs. Hathaway. The circuit court found the equities with appellees, and rendered a decree in conformity with the prayer of the bill, and appellants bring the record here for review.

It is admitted that the deed of trust was signed by the wife as well as the husband, and the certificate of the magistrate is in due form, and shows a release and waiver of the homestead by them both. All the witnesses who claim to know anything about the transaction, testify to the fact that Mrs. Hathaway went with her husband to the premises of the justice at the time the acknowledgment was taken, and it is admitted that he acknowledged it; but it is claimed that the husband alone went into the house where the justice kept his office, leaving his wife in the carriage which had conveyed them there, in company with Mr. and Mrs. Holt, all

four of whom testify to this fact. On the other hand, as has already been stated, the certificate of the magistrate shows a release and waiver of the homestead by them both. The magistrate also testifies to the taking of her acknowledgment at the same time he took the husband's, and that the same was taken at his office, in his house. In addition to this, Mrs. Bell, who was present at the time spoken of by the other witnesses, testifies that Mrs. Hathaway was in the office of the justice at the time of the acknowledgment of the deed by her husband, though she does not pretend to remember the details of what occurred while there.

In view of the fact that more than four years elapsed between the taking of the testimony and the occurrences to which it relates, it is not at all surprising that there should be discrepancies in the recollection of witnesses as to what actually did occur,—that these differences in the recollection of persons of unquestioned integrity, with respect to events which have transpired a number of years past, is but a part of the common experience of every one who notes the current events of life. This being so, it shows how much more reliable and trustworthy, as a muniment of title, is the solemn official record of a fact, made at the time of its occurrence, than the mere recollection of witnesses, however honest, with respect to such fact, especially where years have passed since it transpired.

In the present case, no apparent motive is shown for the execution of a false certificate, and there is nothing in the whole record tending to show any combination, fraud, or conspiracy on the part of the justice or others connected with the transaction. Under such circumstances, nothing but the most clear and satisfactory evidence would warrant us in declaring the certificate of the justice a forgery, and thereby defeating the title of the purchaser at the trustee's sale, who in good faith paid his money for the premises, relying upon the genuineness and truthfulness of the certificate. If landed

titles could be set aside and defeated upon a mere conflict of verbal testimony, like that presented in the present case, without any evidence tending to establish fraud or conspiracy, no one could know, with any degree of assurance, when he would be safe in buying a title of any kind, and the general confidence in titles of record would soon be destroyed.

Mr. Wharton, in discussing this subject in his work upon Evidence, says: "The true view is, that the certificate of acknowledgment is *prima facie* proof of the facts it contains, if within the officer's range, but is open to rebuttal between the parties by proof of gross concurrent mistake or fraud. In favor of purchasers for valuable consideration without notice, it is conclusive as to all matters which it is the duty of the officer to certify, if he has jurisdiction." 2 Wharton on Evidence, sec. 1052.

This court has not gone to the full extent of the latter proposition. While we hold the certificate shall not be deemed conclusive in any case so as to cut off all inquiry, yet where there is no evidence of fraud, conspiracy or over-reaching of any kind, or anything casting a suspicion upon the integrity or honesty of the certifying officer, and the certificate of acknowledgment. is in conformity with the statute, it can not be impeached by merely negativing the facts therein stated. *Monroe* v. *Poorman et al.* 62 Ill. 523; *McPherson* v. *Sanborn et al.* 88 id. 150; *Russell* v. *Baptist Theological Union,* 73 id. 337.

Where the controversy is between the former owner and an innocent purchaser, as in the present case, before the title of the latter can be thus impeached the evidence should be clear and conclusive, excluding every reasonable doubt. The evidence in this case is not of that character. The utmost that can be claimed, even leaving the certificate itself out of the question, is that there is simply a preponderance of testimony in favor of appellees, in so far as numbers of witnesses go to make up preponderance, which is not always a

safeguard in determining the weight of evidence. But, under the circumstances of this case, we regard the certificate of the officer as entitled to more weight than all the witnesses put together.

The decree of the circuit court will be reversed, and the bill dismissed.

*Decree reversed.*