EMMA E. WARRICK *et al.*

*v.*

CHARLES S. HULL.

*Filed at Springfield March 28, 1882.*

1. POWER OF SALE—*waiver by filing cross-bill to foreclose.* Where, on bill to enjoin the executor of a mortgagee from making sale of mortgaged premises under a power of sale in the mortgage, the executor files a cross-bill to foreclose the mortgage, this may be treated as a waiver of any purpose to proceed under the power.

2. WITNESS—*competency—against one defending in a representative capacity.* On bill by the wife of a mortgagor against the executor of the deceased mortgagee, to enjoin the sale of the premises under a power in the mortgage, neither the complainant nor her husband is a competent witness to show that she never in fact acknowledged the mortgage purporting to release her homestead.

3. ACKNOWLEDGMENT—*evidence to overcome certificate.* The certificate of an officer authorized by law to take acknowledgments of deeds, mortgages or other instruments, is *prima facie* evidence of such acknowledgment by the persons purporting to be the makers of such instruments, and is to be regarded as having great and controlling weight until it is overcome by clear, convincing and satisfactory proof. The testimony of the grantor alone is not sufficient to overcome the certificate.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Mr. H. PASCO, for the appellants.

Messrs. ROBY, OUTEN & VAIL, for the appellee.

Per CURIAM: On the 3d day of March, 1876, Silas E. Warrick was the owner in fee of an eighty-acre tract of land, upon which he then resided with his family, consisting of a wife and children, as their homestead, and where he still resides with them. Being indebted to John W. Hull for borrowed money, Silas E. Warrick, on the 3d day of March,

1876, executed and delivered to Hull his promissory note for the sum of $1500, payable two years after date, with interest at the rate of ten per cent per annum, payable annually, and undertook to secure the same by mortgage on the land on which he resided as his homestead, which mortgage contained the usual power of sale in case default should be made in the payment of the note and interest. The mortgage appeared to be signed and regularly acknowledged by Silas. E. Warrick, and Emma, his wife, and was recorded in the proper office in the county where the land is situated. After the death of John W. Hull, and after the note secured by the mortgage had become due, and default had been made in the payment of the note and interest, Charles S. Hull, executor of the estate of John W. Hull, deceased, advertised the land for sale under the power contained in the mortgage. The original bill in this case was then filed by Emma E. Warrick, wife of the mortgagor, to enjoin the proposed sale of the property. Two grounds are set forth in the bill as the basis of the relief asked : First, that Charles S. Hull, as executor of the estate of John W. Hull, could not rightfully make any sale of the property under the power contained in the mortgage ; and second, that she had never acknowledged the mortgage as required by the statute in order to release her homestead in the premises, and as to her homestead the deed was inoperative. After filing his answer to the original bill, the executor filed a cross-bill, making the original complainants defendants thereto, praying to have the mortgage foreclosed. The cause was heard on the original and cross-bills, the answers of the respective defendants thereto, and the proofs, and the circuit court dismissed the original bill and decreed a foreclosure of the mortgage on the executor's cross-bill. That decree was affirmed in the Appellate Court, and now the original complainants, and who were made-defendants to the cross-bill, bring the whole case before this court on appeal.

One point made by the parties appealing is, it was error in the circuit court to dismiss their original bill. Since the executor has filed his cross-bill to foreclose the mortgage, that part of the original bill which asked to have the proposed sale under the power contained in the mortgage enjoined because the executor could not rightfully execute the power, is not a matter of any consequence. The filing of the cross-bill may be treated as a waiver of any purpose to make a sale of the property under the power contained in the mortgage. The other relief asked by the original bill is the same as the defence to the cross-bill. The question whether the wife of the mortgagor acknowledged the mortgage before an officer, so as to release her right of homestead in the premises, may be considered as arising either on the original bill, or on the defence to the cross-bill.

On the hearing of the cause, the court, over the objection of the executor, permitted the mortgagor and his wife to testify touching the wife's acknowledgment of the mortgage. Under the decision in *Crane* v. *Crane*, 81 Ill. 165, this was improper. The mortgagee was dead, and the adverse party to the witnesses testifying was his executor, defending in that capacity. The statute absolutely forbids them to become witnesses on their own motion, and on their own behalf, in such cases. No state of case existed that made their testimony competent, under any exception to the disqualifying section of the statute.

The only remaining question is, whether the wife of the mortgagor acknowledged the mortgage before a proper officer, that being indispensable under the statute to the release of her right of homestead, unless the possession of the premises be abandoned or surrendered to the grantee. It has always been held the certificate of an officer authorized by law to take acknowledgments to a deed, mortgage or other instrument, is *prima facie* evidence of such acknowledgment by the makers of such instruments, and it is to be regarded as

having great and controlling weight until it is overcome by clear, convincing and satisfactory proof. The testimony of the grantor alone is not regarded as sufficient to overcome the certificate of the officer certifying such acknowledgment. Something more is required. In this case the officer that certified the acknowledgment of the wife of the mortgagor is dead, and, as has been seen, by a statutory rule of evidence, neither the mortgagor nor his wife can be a witness in his or her own behalf, over the objection of the executor defending.

Excluding, then, as must be done, the testimony of the mortgagor and his wife, there remains only the testimony of one witness to impeach the integrity of the certificate of acknowledgment made by the officer. That, in the opinion of a majority of the court, is not sufficient to invalidate the acknowledgment. In taking acknowledgments of deeds, mortgages and other instruments, an officer acts under the sanction of his official oath, and his certificate of official acts, required by law to be made, ought to be regarded as of as high a grade of evidence as testimony given under oath. The officer acting in this case has since died. Although deprived of the testimony of the officer on the witness stand, there remains the presumption that will always be indulged as to the certainty of an officer's acts done in the capacity in which he is serving. After his death his certificates of official acts must be heard to speak for him, otherwise there would be no security for titles acquired under instruments required by law to be acknowledged before such officers. Treating the certificate of the officer in this case since his death as certainly equivalent to the testimony of one living witness, the evidence would seem to be equally balanced on the question of the wife's acknowledgment of the mortgage. The rule on this question, as stated in *Marston* v. *Brittenham,* 76 Ill. 611, is, "to impeach a certificate, the evidence should do more than produce a mere preponderance against its integrity in the balancing of probabilities,—it should, by its

completeness and reliable character, fully and clearly satisfy the court that the certificate is untrue and fraudulent." The evidence in this record, fully considered, falls short of producing such an effect on the minds of a majority of the court, and the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*