## MICHAEL REICH

*v.*

## CATHERINE BERDEL.

*Filed at Ottawa May 12, 1887.*

1. EVIDENCE—*duplicate patent for school lands.* Section 97, chapter 122, of the Revised Stautes of 1874, which provides that "purchasers of common school lands, and their heirs and assigns, may obtain duplicate copies" of patents, does not restrict the use of such duplicates as evidence, to the purchaser, or his heirs and assigns. When issued, they are made evidence the same as the original.

2. The preliminary proof of the loss of the original, required by the section, is intended alone for the Auditor. It is therefore immaterial by what person the affidavit is made upon which the officer acts. It is enough that he finds the proof sufficient, and acts upon it.

3. SAME—*secondary evidence—preliminary proof.* There is no error in the exclusion of parol evidence tending to prove the execution of a deed of trust under which a sale was claimed, when no proper foundation is laid by proof of loss and search for the original.

4. DOWER—*basis of the right—seizin and death of the husband.* In a proceeding by a widow for dower, proof of the seizin of her deceased husband at some time when the petitioner was his wife, and of his subsequent death, makes a *prima facie* case in her favor.

5. SAME—*release—evidence.* The proof of the existence of a deed made by the husband in his lifetime, without proof of its execution by his wife, will not be sufficient to show a release of the wife's dower in the land, when she denies its execution by her.

6. SAME—*improvements.* In a suit for dower, if the defendant has made improvements on the land in which the petitioner is not entitled to dower, he should show that fact. If he does not, he can not complain that no mention is made of improvements in the commissioners' report.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Mr. JESSE COX, and Mr. WILLIAM M. STANLEY, for the plaintiff in error:

Only purchasers of school land and their "heirs and assigns," are entitled to a duplicate patent. But a dowress is

neither. Hurd's Stat. 1885, p. 1122, sec. 97; *Gauch* v. *Life Ins. Co.* 88 Ill. 251.

Whatever right defendant in error had to dower in the land, was waived by her joining in the trust deed of her husband, in 1858, to Henry Greenbaum, and the trustee's deed made on a sale thereunder.

The allotment of dower was of one-third of all the property, the effect of which was to give her one-third of all the improvements made upon the land, which was error. *Summers* v. *Babb*, 13 Ill. 483.

Messrs. BLUM & BLUM, for the defendant in error:

The right of dower can only be barred by the voluntary act of the wife, in the mode pointed out by the statute. (*Atkins* v. *Merrell*, 39 Ill. 63.) This being the law, it was incumbent upon plaintiff in error to establish that defendant in error did release the same.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill for dower, by the defendant in error, as the widow of Nicholas Berdel, deceased, against the plaintiff in error. The decree was in conformity with the prayer of the bill.

Four objections to the decree are urged in argument:

*First*—A duplicate copy of a patent issued by the Governor of this State to Nicholas Berdel, on the 6th of September, 1851, for a larger tract of land, which includes the property in controversy, was read in evidence over appellant's objection,—and this was the only evidence of title in Nicholas Berdel. It appears from this copy that the land was school land, and that the patent was issued pursuant to a previous sale thereof by the school commissioner of Cook county. The copy was issued by the Auditor of State on the 25th of February, 1885, and it is objected that it is insufficient evidence to prove that for which it was offered, because only "heirs or

assigns" of Nicholas Berdel are entitled to obtain a duplicate copy of the patent, and his widow is neither "heir" nor "assign." The objection, in our opinion, is not tenable. The 97th section of chapter 122 (Rev. Stat. 1874,) provides, that "purchasers of common school lands, and their heirs and assigns, may obtain duplicate copies of their certificates of purchase and of patents, upon filing affidavit with the county superintendent in respect to certificates, and with the Auditor in respect to patents, proving the loss or destruction of the original; and such copies shall have all the force and effect of the originals." Plainly, the preliminary proof here required is, simply, for the county superintendent, when certificates of purchase are lost, and for the Auditor, when patents are lost, to cause them to act and issue the duplicate copies, and in nowise affects the question of the admissibility or sufficiency of the duplicate copies as evidence, for such copies, when issued, "shall have all the force and effect of the originals." There is nothing in the statute, nor in reason, so far as we are able to perceive, that limits the persons in behalf of whom the duplicate copies may be used as evidence, and it is therefore now unimportant to inquire by what individual the affidavit upon which the Auditor acted was made. It is enough that he found it to be sufficient, and acted upon it, and his finding in that respect is not reviewable in this proceeding.

*Second*—It is objected, that as to one of the lots in question it is not shown that plaintiff in error claimed title through Nicholas Berdel; but since the plaintiff in error has not shown title paramount to that of Nicholas Berdel, this proof was unnecessary. Proof of the seizin of Nicholas Berdel at some time when the defendant in error was his wife, and his subsequent death, makes a *prima facie* case in favor of the defendant in error. 4 Kent's Com. (8th ed.) 35, *36.

*Third*—Evidence was offered before the master in chancery tending to prove the execution of a deed of trust of this prop-

erty by Nicholas Berdel to Henry Greenbaum, trustee, to secure a debt to Elias Greenbaum, a sale thereunder, and conveyances of the title to plaintiff in error. Neither the original nor a copy of this deed was produced. The master held the evidence inadmissible, because the proper foundation for the introduction of secondary evidence was not laid, and this ruling was affirmed by the court below. In this there was clearly no error. The deed was last in the possession of Elias Greenbaum, and, from aught that appears in evidence, it may be there yet. He is not shown to have made any search for it. But even if the evidence offered were admissible, we can not say that there was error in not holding it to be sufficient to prove that the defendant in error released her dower pursuant to the statute in force at the date of the pretended execution of this deed of trust. The defendant in error testified that she never signed such a deed, and no one testifies to having seen her sign it, or even to having seen her signature, and an official acknowledgment of the deed by her before a competent officer. The evidence of the habits of the Greenbaums, and of Jones, to which they respectively testified, proves nothing; and the remarks of the defendant in error, testified to by Burcky and Soldan, are unsatisfactory and inconclusive. The burden was upon the plaintiff in error to overcome the denial of the defendant in error.

*Fourth*—It is objected that the report of the commissioners makes no mention of the improvements. But there is nothing in the record to show that there were, in fact, improvements. If plaintiff in error has made improvements in which defendant in error is not entitled to dower, this is matter of defence which should have been alleged and proved.

The decree is affirmed.

*Decree affirmed.*