CATHARINE BERDEL

*v.*

PETER EGAN *et al.*

*Filed at Ottawa June 16, 1888.*

1. ACKNOWLEDGMENT OF DEED—*of evidence to overcome the certificate.* Where a lost or destroyed deed is satisfactorily shown to have had attached to it a certificate of acknowledgment by the grantor and his wife, by an officer authorized to take acknowledgments of such instruments, it was *held,* that that fact of itself, after the lapse of twenty-eight years, was sufficient to overcome the denial of the wife that she ever released her dower, by the deed or otherwise.

2. SECONDARY EVIDENCE *of contents of lost deed—preliminary proof.* For the purpose of laying the foundation for the introduction of secondary evidence of the contents of a deed, the party proved that the deed, when last seen, was most probably in the possession of a person named, and that the latter had made the most diligent search for it in every place where there was the slightest probability it would be if still in existence, but without success. The witness also stated facts showing, beyond reasonable doubt, that the deed must have been destroyed by the fire which occurred in Chicago in 1871, and which destroyed all record of prior deeds, as this one was: *Held,* this was a sufficient foundation for the introduction of secondary evidence of the contents of the deed.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. BLUM & BLUM, for the appellant.

Mr. CHARLES S. THORNTON, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is alleged in the petition filed herein, that demandant, on the 8th day of July, 18—, was married to Nicholas Berdel; that during such marriage he was the owner, in fee simple, of the lands described in the petition, and that now, since his death, which occurred on the 23d day of March, 1883, she is entitled to dower in such lands. It is not denied that decedent

was the owner of the lands during his marriage with petitioner, and the only question it is deemed important to consider is, whether demandant released her dower in such lands by joining with decedent in the execution of a trust deed to Henry Greenebaum.

A case having some questions analogous with those involved in this one, between petitioner and other parties, was passed upon at a former term of this court, and is *Reich* v. *Berdel*, 120 Ill. 499. In that case, petitioner was allowed dower in certain land of which decedent was seized during coverture. It was held her dower was not barred or cut off by the deed to Greenebaum, for the reason it did not appear, from any satisfactory evidence in the record, she had joined with decedent in the execution of the trust deed. In the case now before this court, the trial court, upon the evidence submitted, held that demandant did join with decedent in the execution of the trust deed to Henry Greenebaum, and that her dower in the lands in this suit was released by that deed, substantially in conformity with the statute.

There is much new and material evidence in the present record not found in the record in *Reich* v. *Berdel*. Evidence was offered in that case to prove the execution of a trust deed of the property involved, by Nicholas Berdel and petitioner, to Henry Greenebaum, trustee for Elias Greenebaum, a sale thereunder, and subsequent conveyances of the title to defendants in that suit. Neither the original nor a copy of this deed was produced. The evidence offered was held inadmissible, because the proper foundation was not laid for the introduction of secondary evidence of the contents of that deed. It was said by the court, the deed was last in the possession of Elias Greenebaum, and for aught that appeared in evidence it might be there yet, as it was not shown he had made any search for it. The difficulty found to exist in the former case has all been removed by the additional evidence contained in the present record. It is now proved the deed, when last seen, was most

probably in the possession of Henry Greenebaum. Since the trial in the former case he has made most diligent search for it in every place where there was the slightest probability it would be if it was still in existence, but without success. The witness states facts that show, past all reasonable doubt, the trust deed must have been destroyed by the destructive fire which occurred in Chicago in 1871, and which destroyed all record of prior deeds. Thus it is seen a sufficient foundation was laid in this case for the introduction of secondary evidence as to the contents of the trust deed to Greenebaum. In this particular the cases are wholly unlike.

It was also said in the opinion of this court in the former case, "but even if the evidence were admissible, it could not be said there was error in not holding it to be sufficient to prove petitioner had released her dower pursuant to the statute then in force." Petitioner had testified in that case, as she has done in this case, that she had never executed or acknowledged the trust deed, and the evidence found in that record was not thought to be sufficient to overcome her express denial. Here, again, the cases are unlike. The secondary evidence of the contents, and of the execution and acknowledgment of the trust deed, shows, with sufficient certainty, that petitioner joined with her then husband in its execution, and acknowledged the same substantially in compliance with the statute then in force. The abstract of title in the office of Handy & Co., which was introduced in evidence, shows the trust deed, as recorded, had her name to it,—that is, that it purported to have been executed by Nicholas Berdel and his wife. It is also shown the form of the trust deed was one of the blanks used by Greenebaum in his business. These forms contained a release of dower in the body of the deed, and had attached the usual statutory form of acknowledgment for both the husband and the wife. Henry Greenebaum, since his recollection has been refreshed by much reflection on the matter, is quite positive the trust deed had an acknowledgment both of the

husband and wife, certified by an officer authorized to take acknowledgments of such instruments. He says he would not have made the sale under the trust deed had it not been executed and acknowledged in the usual mode. He was familiar with such business, and now states he has no doubt he examined the deed, and that it was acknowledged before a proper officer, as the statute required. It is true he can not now remember the name of the officer nor the capacity in which he acted. It is now nearly thirty years since he made the sale under the trust deed, and it could not be expected any one could remember every detail of the transaction; but the witness is positive the trust deed was acknowledged by both the husband and wife, and had the certificate of a proper officer to that effect. Other testimony strengthens the testimony of Henry Greenebaum as to the contents of the trust deed, and as to the fact it was acknowledged by both grantors before some proper officer.

On the whole evidence, when closely considered, it can not be said it was error in the trial court, in this case, to hold it overcame the denial of petitioner that she signed and acknowledged the trust deed under which the title passed from decedent, and that her dower in the lands in controversy was released by it to her then husband's grantee. Conceding, as it is thought must be done, under the evidence, the trust deed had attached to it a certificate of acknowledgment by an officer authorized by law to take acknowledgments of such instruments, that fact, of itself, after the lapse of twenty-eight years, ought to overcome the denial of demandant that she never released her dower by the deed to Greenebaum, or otherwise. It was held by this court in *Warrick* v. *Hull,* 102 Ill. 280, the certificate of the officer, alone, was sufficient to overcome the testimony of one witness introduced to impeach the certificate of acknowledgment to a mortgage. It was there said: "In taking acknowledgments of deeds, mortgages and other instruments, an officer acts under the sanction of his official

oath; and his certificate of official acts, required by law to be made, ought to be regarded as of as high a grade of evidence as testimony given under oath." In that case, the officer that took the acknowledgment died before the controversy arose, and it was said: "Although deprived of the testimony of the officer on the witness stand, there remains the presumption that will always be indulged, as to the certainty of an officer's acts done in the capacity in which he was serving. After his death his certificates of his official acts must be heard to speak for him, otherwise there would be no security for titles acquired under instruments required by law to be acknowledged before such officers." The principle of that case finds application to the facts of the case being considered. Here, the name of the officer who took the acknowledgment is unknown, so that his testimony can not be had. It is not known whether he is living or not. But there is satisfactory proof there was a certificate of acknowledgment, by a proper officer, attached to the trust deed, and that ought to be regarded as evidence of as high a grade as that of demandant, who alone offers her testimony, after very many years, and after all the original deeds, and every record of them, had been destroyed by fire, to impeach the deed under which the title passed from her then husband.

On a careful consideration of the evidence in the present record, it is not thought there was any error in the trial court in holding it overcame the denial of demandant that she had ever executed or acknowledged the trust deed, under which defendants claim the property, as relieved from the burden of her dower.

The decree of the Superior Court will be affirmed.

*Decree affirmed.*