## Wilhelmina Fisher v. Katharina Stiefel and Otto C. Butz.

1. PARTIES—*Trustee—Removal from the State.*—When a trustee named in a trust deed providing for a successor in case of his removal, etc., removes from the State, he is not a necessary party to a foreclosure suit.

2. CHANCERY PRACTICE—*Preservation of Facts—Recitals in Decrees.*—The recitals in the decree are a sufficient preservation of the facts upon which the decree is based.

3. SAME—*Absence of a Certificate of Evidence.*—In the absence of a certificate of evidence preserving all the evidence heard by the court, it will be presumed that the findings were warranted by the proofs heard by the court.

4. ACKNOWLEDGMENT—*Impeachment of Certificate of Notary.*—In the absence of fraud or collusion on the part of the notary, the uncorroborated oath of the person acknowledging a deed can not prevail against the certificate.

**Foreclosure,** of trust deed. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

## STATEMENT OF THE CASE.

On January 26, 1893, appellees filed their bill in the Supreme Court of Cook County, Illinois, to foreclose a deed of trust in the nature of a mortgage, given by August Fisher and Wilhelmina Fisher, his wife, conveying property, therein described, to Arnold W. Eschenburg, trustee, Otto C. Butz being named as successor in trust as security for a note held by appellee Stiefel, as executrix under the last will and testament of Herman Stiefel, deceased. Issues being joined, the cause was, March 15, 1894, referred by the court to a master " to take proofs herein and report the same to this court with his opinion on the law and evidence."

The master made up his report, and notice was served upon all parties that on March 14, 1895, said master's report would be filed, and an entry of a final decree of sale, approving said report, would be asked for. On said date a decree of sale was entered without objection being made. On March 27, 1895, after the entry of said decree of sale, Mrs. Wilhelmina Fisher prayed that the decree entered in this proceeding be set aside, upon the ground that she had not been allowed an opportunity to put in a defense to complainant's bill, and that she did not execute the said trust deed.

Upon a hearing of the said petition, the court below denied the prayer thereof. An appeal was taken from this

order, and from the decree. This is the appeal now before this court.

The record does not contain a certificate of evidence.

RUFUS KING, attorney for appellant.

LACKNER & BUTZ, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is insisted by appellant that Arnold W. Eschenburg, named in the trust deed as trustee, should have been made a party defendant to the foreclosure suit. The bill of complaint contains this allegation: "That the said trust deed contained the following provision: 'And in case of the death, absence or removal from said Cook County, refusal or inability to act of the said party of the second part, then Otto C. Butz, of the said city of Chicago, shall be and he is hereby appointed and made successor in trust to the said party of the second part under this deed, for the uses and purposes hereinafter expressed, with the same power and authority as the said trustee.'"

The bill also alleges that Arnold W. Eschenburg has removed from and resides outside of the State of Illinois.

The decree is upon the bill of complaint taken as confessed against (certain defendants) and the answers of Wilhelmina Fischer (and others), and upon complainants' replications to said answers; the master's report, and upon proofs heard in open court; and the decree sets forth that the court finds that the material allegations of the bill are true.

There was, therefore, no necessity for making Eschenburg a party. Butz, who has succeeded him, was made a party.

The recitals in the decree are a sufficient preservation of the facts upon which the decree is based. In the absence of a certificate of evidence, it will be presumed that the findings were warranted by proofs heard by the court. In the absence of a certificate preserving all the evidence heard by the court, it must be presumed that there was sufficient evi-

dence to warrant and sustain the findings. Secrist et al. v. Petty, 109 Ill. 188–199; Morgan et al. v. Corlies, 81 Ill. 72; Walker v. Abt, 83 Ill. 226; Groenen .v. Coffeen, 109 Ill. 325–326; Brown et al. v. Miner et al., 128 Ill. 148; Mauck v. Mauck, 54 Ill. 281; Frink v. Neal, 37 Ill. App. 621.

Wilhelmina Fischer in her petition to set aside the decree, avers that she did not sign or acknowledge the trust deed.

The bill of complaint charges that she, with August Fischer, her husband, did execute and deliver said trust deed, and that the same was duly acknowledged and recorded. The trust deed shown in the record appears to have been duly acknowledged by Wilhelmina Fischer on the 19th day of March, A. D. 1887, before Otto Heper, a notary public, whose certificate of such acknowledgment, together with his notarial seal, are placed upon said trust deed.

There is no pretense of fraud or collusion upon the part of said notary. Under these circumstances the uncorroborated oath of Wilhelmina Fischer could not have prevailed against such certificate had she seen fit to appear before the master, as she had ample opportunity, and testify to what she avers in her petition. Heacock v. Lubuke, 107 Ill. 396; Berdel v. Egan et al., 125 Ill. 298.

The decree of the Superior Court is affirmed.

SHEPARD, J., dissents.