## Patrick. P. O'Donnell et al. v. Dennis Kelliher.

1. ACKNOWLEDGMENT—*Certificate Prevails Over Unsupported Testimony.*—In the absence of fraud and collusion on the part of the officer taking the same, a certificate of acknowledgment of the execution of a deed, made and taken before a magistrate in proper form in pursuance of the statute, will prevail over the unsupported testimony of the grantor that it is forged.

2. SAME—*Certificate Imports Verity.*—A certificate of acknowledgment, executed in proper form, and in pursuance of the statute, imports verity, and can not be overcome except by clear and satisfactory evidence, or impeached, but for fraud, collusion or conspiracy between the certifying officer and the party claiming under it.

3. BURDEN OF PROOF—*Forged Deed.*—The burden of showing that a trust deed is false and forged, is upon the person alleging the same to show not only that he did not sign the deed, but also that he did not acknowledge the same.

4. DEEDS—*Execution by Grantor.*—A person may sign a deed by another, and so signed the signature becomes his by adoption, and even though his name is placed upon the deed without his authority, if he subsequently acknowledges the deed to be his, it will be effectual against him.

Bill to Remove Cloud.—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed March 3, 1896.

LACKNER & BUTZ, attorneys for appellants.

The uncorroborated testimony of the grantor in a deed, whose acknowledgment of the execution of the same is taken before a magistrate in proper form in pursuance of the statute, will not prevail over the certificate of acknowledgment, he alleging the deed to be false and forged. The testimony of others than the grantor, to the effect that he is unable to sign his name, is not corroborative. Lickmon v. Harding, 65 Ill. 505; Graham v. Anderson et al., 42 Ill. 514; Russell v. Baptist Theological Union, 73 Ill. 339; Tunison v. Chamblin et al., 88 Ill. 388; Blackman v. Hawks. 89 Ill. 514; Fitzgerald v. Fitzgerald, 100 Ill. 388; Strauch et al. v. Hathaway et al., 101 Ill. 13; Warrick et al. v. Hull, 102 Ill. 283.

The testimony of appellee was not sufficient to overcome the proof of the execution of the deed. If a deed conveying lands could be impeached by the testimony of the grantor alone, titles to real property would be insecure, and consequences of the most disastrous character might, and doubtless would, result. Heacock v. Lubuke, 107 Ill. 402; Foster v. Latham, 21 Ill. App. 168.

KING & GROSS, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee filed his bill in equity to have a certain trust deed, by way of mortgage, purporting to be made by himself to the appellant, O'Donnell, as trustee, to secure a note for $600, declared null and void, and a cloud upon his premises, so purporting to be mortgaged, removed, and that said trust deed be delivered up to be canceled, and that appellant O'Donnell be ordered to execute a release thereof.

The bill alleged that appellee did not sign said trust deed, nor authorize anybody to sign it for him; that he did not acknowledge the same; that he did not sign the note which the trust deed purports to secure; that he received no consideration from anybody for the trust deed, and that it was

not his act, and that he was entirely ignorant of the transaction. There is no allegation of fraud, collusion or conspiracy, on the part of anybody.

The bill was answered by the appellants, who also filed a cross-bill to foreclose the trust deed.

Upon a hearing, the court entered a decree in conformity with the prayer of the original bill, and from such decree this bill is prosecuted.

The evidence in support of the bill consisted of the testimony of appellee and of his sister-in-law, and the trust deed itself.

The trust deed purports on its face to be signed by the appellee, by his own hand, and the certificate of his acknowledgment, before a notary public, is in due form as provided by the statute.

Appellee's sister-in-law testified that she had known him between seventeen and eighteen years; that he is a person without any education, and can not sign his name, and never did sign his name in writing.

We give the whole of appellee's testimony as shown by the abstract, which is in substance all, and identical with, his testimony as set forth in the certificate of evidence forming a part of the record.

With the questions asked him, it was as follows:

" Q.   I will ask you to look at the paper now shown you, purporting to be a trust deed, dated August 4, 1892, made by Dennis Kelliher and Mary Kelliher, his wife, to secure the sum of $600, as evidenced by said note.

THE COURT : To whom?

MR. GROSS : To Patrick P. O'Donnell, conveying the property described in the bill; also a note due thirty days after date, for $600, purporting to be signed by Dennis Kelliher and Mary Kelliher, his wife, described in the trust deed. Did you ever see those before ?  A.  No, sir.

Q.  Is that your signature that is on there ?  A.  No, sir.

Q.  I mean, did you write that name ?  A.  No, sir.

THE COURT : Either to the note or trust deed ?  A.  No, sir.

MR. GROSS: Did you ever authorize any one to sign either of those papers for you? A. No, sir.

MR. GROSS: I would like to introduce the trust deed and note in evidence.

THE COURT: Very well.

MR. GROSS: Did you ever receive any money for signing that trust deed? A. No, sir.

Q. Did you ever receive any consideration whatever? A. No, sir.

Q. Did you, either directly or indirectly, get any benefit from the trust deed or note? A. No, sir.

Q. Did you authorize any one, directly or indirectly, to sign it for you? A. No, sir. I first learned that such a trust deed and note had been made a year ago last summer. I do not know who signed the trust deed. I am not able to write my name. I sign my name with a mark. I didn't make any mark on that trust deed or note."

We have quoted all of appellee's testimony for the especial purpose of showing that he did not, in terms, deny that he acknowledged the trust deed.

His saying that he first learned that such a trust deed had been "made," a year after its date of execution and record, and that he did not know who "signed" it, is no denial of having acknowledged it, except by a most loose inference that ought to have no weight in overcoming the well-nigh conclusive character of a duly certified acknowledgment where no fraud is alleged against the certifying officer. We are at entire loss of ability to understand upon what theory the decree was allowed. The bill was not proved as to the allegation that appellee did not acknowledge the trust deed, and proof of that allegation was absolutely necessary to the relief granted.

Even though appellee had denied the acknowledgment, the decree could not stand.

It has been many times, and uniformly, held by our Supreme Court, that in the absence of fraud and collusion on the part of the officer taking the acknowledgment, the acknowledgment of the execution of a deed, made and taken

O'Donnell v. Kelliher.

before a magistrate in proper form in pursuance of the statute, will prevail over the unsupported testimony of the party grantor who says it is false and forged.

The reason for this holding is the insecurity in land titles that would ensue if any other rule were to be admitted; that public policy demands the rule; that the officer in such cases acts judicially in the performance of a duty imposed upon him by law to ascertain the truth about which he certifies, for a violation of which he would be subject to indictment, conviction and infamy, and his act shall not be overcome except by proof of the most satisfactory character.

It is variously said, in different cases, that the certificate of the officer imports verity, and is conclusive to the same extent that a record is; that it can only be overcome by the strongest and most unequivocal testimony; by evidence that is clear and convincing beyond a reasonable doubt; by evidence of the clearest, strongest and of the most convincing character, and by disinterested witnesses; by evidence that is most full, clear and satisfactory; and that, like a record, it can only be impeached for fraud.

These several propositions are laid down in the following cases: Lickmon v. Harding, 65 Ill. 505; Graham v. Anderson, 42 Ill. 514; Canal and Dock Co. v. Russell, 68 Ill. 426; Kerr v. Russell, 69 Ill. 666; Russell v. Baptist Theo. Union, 73 Ill. 337; Tunison v. Chamblin, 88 Ill. 378; Blackman v. Hawks, 89 Ill. 512; Fitzgerald v. Fitzgerald, 100 Ill. 385; Strauch v. Hathaway, 101 Ill. 11; Warrick v. Hull, 102 Ill. 280; Heacock v. Lubuke, 107 Ill. 396, and numerous other authorities cited in some of the foregoing cases.

The rule is not so rigid as announced in some of the foregoing propositions, where the controversy is between the original parties, as in this case, and not between the purported grantor and an innocent purchaser for a valuable consideration, who has acted upon the faith of the truth of the certificate, yet in no case, in the absence of fraud, collusion or conspiracy between the certifying officer and the parties claiming under the certificate, can the certificate be impeached by merely negativing the facts therein stated. Strauch v. Hathaway, *supra.*

The testimony of appellee's sister-in-law is hardly corroboratory, in any degree, of the position taken by appellee, for it is elementary law that it was not necessary that he should be able to write, or that he should have signed his name.

He could as well make the deed his own by acknowledging it to be such, though his name was signed by another, as if he signed it by his own hand.

All know that a person may sign by another, and, so signed, the signature becomes his by adoption; and even though his signature were placed upon the deed without his authority, if he subsequently acknowledged the deed to be his, the deed would be effectual against him.    Tunison v. Chamblin, *supra*.

It is of no consequence who put his name to the deed so long as he acknowledged the signature, and, as we have seen, the certificate of acknowledgment can not be overcome by his unsupported testimony, nor by any other evidence except of a conclusive character.

In the least forcible utterance that we have found upon the subject, the certificate of the officer is equal to at least the testimony of one sworn witness, and, being merely so, the evidence would be equally balanced, so that for lack of preponderance the appellee should have failed.    Warrick v. Hull, 102 Ill. 280.

The record before us presents no question under the cross-bill filed to foreclose the trust deed, and we express no opinion upon any questions that may arise thereunder.

But, for the reasons we have pointed out, the decree upon the original bill was erroneous, and it is therefore reversed and the cause remanded.