WILHELMINA FISCHER

v.

KATHARINA STIEFEL *et al.*

*Opinion filed February 17, 1899—Rehearing denied April 13, 1899.*

1. PLEADINGS—*failure of pleadings to question capacity of complainants is an admission.* Failure of the pleadings, in a suit to foreclose a trust deed, to question the capacity of the complainants to act as executrix of the *cestui que trust* and as trustee, respectively, is an admission of such relations which waives the necessity of proof.

2. JUDGMENTS AND DECREES—*when petition to open foreclosure decree is properly denied.* A petition to open a foreclosure decree to admit proof that defendant did not sign or acknowledge the trust deed is properly denied where the cause was before the master nearly a year while defendant was represented by counsel, and no exceptions were taken to the master's report finding due execution, and where the defendant's uncorroborated statement is the only proof relied upon to overcome the notary's certificate.

*Fischer* v. *Stiefel*, 62 Ill. App. 580, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

August Fischer, husband of plaintiff in error, being indebted to one Herman Stiefel, executed and delivered to the said Stiefel his promissory note for the amount of such indebtedness, and to secure the same said Fischer, and Wilhelmina, his wife, the plaintiff in error, executed a certain trust deed in the nature of a mortgage, covering certain real estate in the original town of Chicago. The trust deed named one Arnold W. Eschenberg as trustee, and provided that in case of the death, absence or removal from Cook county of said Eschenberg the defendant in error Butz should become trustee as the successor in trust to the said Eschenberg. This was a bill in chancery filed by the defendants in error to foreclose the trust deed. The bill alleged said Herman Stiefel, *cestui que trust* in the said trust deed, departed this life testate, and that

letters testamentary were granted to the defendant in error Katharina Stiefel, as executrix of the said will; that said trustee, Eschenberg, had removed from and did not reside in the State of Illinois, and that the defendant in error Butz became trustee under the provisions of the trust deed, and defendants in error were made complainants in the bill in their respective representative capacities as executrix and trustee. The bill alleged default in the payment of the note and prayed foreclosure. Answers to the bill upon its merits were filed and the cause was referred to the master for proofs. Proofs were reported and decree of foreclosure entered as prayed. The decree was affirmed by the Appellate Court for the First District. This is a writ of error brought to reverse the judgment of affirmance.

RUFUS KING, for plaintiff in error.

LACKNER & BUTZ, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

It is urged no proof was produced tending to show the trustee, Eschenberg, had removed from the county of Cook, and the argument is, in the absence of such proof said Eschenberg, as trustee, was a necessary party to the proceeding, and that it was error to proceed to final decree in favor of the defendant in error Butz, as trustee. This is but to question the capacity in which the defendant in error Butz assumed to act. The objection was not raised in any manner by the pleadings. It does not go to the merits of the bill, but only tends to an abatement of the suit. If the plaintiff in error desired to question the capacity of the defendant in error Stiefel as executrix or that of the defendant in error Butz as trustee, it was essential the pleadings should have been so framed as to put such question in issue. The failure to raise the objection by appropriate pleadings is an admission of the

capacity assumed by the defendants in error, the execu-trix and the trustee. (1 Ency. of Pl. & Pr. p. 10; *Collins* v. *Ayers*, 13 Ill. 358; *Chicago Legal News Co.* v. *Browne*, 103 id. 317; *Union Railway and Transit Co.* v. *Shacklet*, 119 id. 232.) The cases cited were actions at law, but the rule is the same in suits in chancery. 1 Ency. of Pl. & Pr. p. 40; *Mazet* v. *Pittsburgh*, 137 Pa. St. 54½; Story's Eq. Pl. 708.

The chancellor did not err in denying the petition of the plaintiff in error, filed after the decree had been entered, to open the decree and allow her to make further defense. The case was pending before the master for the taking of testimony for nearly a year before such hearing was closed and report made to the court. It appeared from the report of the master the plaintiff in error was represented by counsel before the master, and had ample opportunity to produce evidence, if any she had, in her defense, and also that no exceptions were taken to the report of the master. The petition avers the plaintiff in error desired to have the decree opened in order she might interpose as a defense that she did not sign or acknowledge the trust deed. In her answer to the bill she in terms refused to admit or deny that she had executed the trust deed, but demanded strict proof be required of the execution of the instrument, and urged as a defense the note secured by the trust deed was given without consideration, and that the consideration had failed, etc. The master made the finding in his report that it appeared from the proofs taken before him that the plaintiff in error signed and acknowledged the trust deed, and no exception was taken to the finding. The petition does not deny the petitioner was represented by counsel in the proceedings before the master, nor is it complained in the petition that she was in any way deprived of the right and privilege to produce testimony in her behalf before the master. Furthermore, the petition does not disclose she has any proof except her own statement to offer against the certificate of the notary attached to the deed

showing due execution and acknowledgment thereof. by her. The certificate of acknowledgment is regular and valid upon its face, and nothing appeared to avoid the operation of the general rule that the unaided testimony of a grantor or mortgagor is insufficient to impeach such a certificate. *Monroe* v. *Poorman,* 62 Ill. 523; *McPherson* v. *Sanborn,* 88 id. 150; *Fitzgerald* v. *Fitzgerald,* 100 id. 385.

No other alleged errors are assigned. The decree of the superior court is just, and the judgment of the Appellate Court affirming it is affirmed.

*Judgment affirmed.*